JANE DOE *v.* DORIS MARSELLE ET AL.
(13338)

O'CONNELL, FOTI and LAVERY, Js.

Argued March 17—decision released July 4, 1995

*Susan Garten,* with whom was *Eileen McGann* and, on the brief, *Vaughan Finn,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom was *Maureen Sullivan Dinnan,* for the appellee (defendant Dionisio Flores).

O'CONNELL, J. The plaintiff appeals from the judgment rendered following the trial court's granting of the defendant Dionisio Flores' motion to strike the plaintiff's second amended complaint. The plaintiff claims that the trial court (1) improperly construed the "wilful" requirement of General Statutes § 19a-590,[1] (2) improperly held that General Statutes § 19a-581 et seq. is the exclusive remedy for unauthorized disclosure of confidential HIV-related information so as to exclude, inter alia, the plaintiff's negligence claims, and

---

[1] General Statutes § 19a-590 provides. "Any person, except as otherwise provided in this chapter, who *wilfully* violates any provision of this chapter shall be liable in a private cause of action for injuries suffered as a result of such violation. Upon a finding that an individual has been injured as a result of such violation, damages shall be assessed in the amount sufficient to compensate said individual for such injury." (Emphasis added.)

(3) improperly held that the Connecticut Unfair Trade Practices Act (CUTPA) did not apply to the alleged unauthorized disclosure in this case. We affirm the judgment of the trial court.

The plaintiff, Jane Doe, who is pursuing this case under a fictitious name with the court's permission, was a patient of the defendant Flores, a surgeon. The named defendant, Doris Marselle, was a surgical assistant in Flores' employ.[2] In connection with gallbladder surgery, the plaintiff disclosed to Flores that she was infected with the human immunodeficiency virus (HIV).

After commencing the action, the plaintiff filed an amended complaint alleging that Flores and Marselle disclosed, in violation of the confidentiality requirements of General Statutes §§ 19a-581 through 19a-592, her status as a person infected with the HIV virus. Flores moved to strike the counts pertaining to him on the ground that the complaint did not allege a wilful violation of the statute on his part. This motion to strike was granted by agreement of the parties.

The plaintiff then repleaded by filing a second amended complaint to which Flores objected on the grounds that the plaintiff still had not pleaded wilful conduct by Flores. The court granted the objection on the ground that the deficiency of the first amended complaint, i.e., failure to plead wilful conduct, had not been corrected. The plaintiff did not replead but instead moved for judgment in Flores's favor so that she could appeal. The counts against Marselle are not involved in this appeal. We affirm the trial court's judgment.

I

As a threshold matter we must determine the effect of the "objection" filed by Flores. "When the allega-

___

[2] The complaint does not allege that Flores is liable for Marselle's conduct under the doctrine of respondeat superior.

tions of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken, the defendant may challenge the amended complaint by filing a request to revise; *Royce* v. *Westport*, [183 Conn. 177, 180–81, 439 A.2d 298 (1981)]; or a second motion to strike. See *Jensen* v. *Nationwide Mutual Ins. Co.*, 158 Conn. 251, 263–64, 259 A.2d 598 (1969). 'The request to revise is a [request] for an order directing the opposing party to revise his pleading in the manner specified.' *Royce* v. *Westport*, supra, 180. Although the request to revise may not ordinarily be used to substantively challenge a pleading, it may be used to delete ' "otherwise improper allegations" ' from a complaint. Id. The motion to strike, on the other hand, challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted. *Amore* v. *Frankel*, 228 Conn. 358, 372, 636 A.2d 786 (1994).

"Although [a motion to strike and a request to revise] generally serve different functions, either may be used when the amended complaint merely restates the original cause of action that was previously stricken. See *Royce* v. *Westport*, supra, 183 Conn. 180; *Good Humor Corp.* v. *Ricciuti*, [160 Conn. 133, 135, 273 A.2d 886 (1970)]; *Jensen* v. *Nationwide Mutual Ins. Co.*, [158 Conn. 251, 264, 259 A.2d 598 (1969)]. If the plaintiff here has in fact merely restated the original cause of action, the defendant would prevail on either pleading." *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 50, 643 A. 2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994).

Here, however, the defendant did not file either a *request to revise* or a *motion to strike* but instead filed an "objection." An objection to a complaint is not a pleading allowed in our rule of practice. See Practice Book § 112. The trial court stated that it would be treated as a request to revise or a motion to strike. The

parties have treated the objection as a motion to strike, and we will do likewise. See *Crozier* v. *Zaboori*, 14 Conn. App. 457, 463, 541 A.2d 531 (1988).

In reviewing a trial court's ruling on a motion to strike, we accept as true all facts that are well pleaded and construe the complaint in the manner most favorable to sustaining its legal sufficiency. *Sassone* v. *Lepore*, 226 Conn. 773, 779–80, 629 A.2d 357 (1993). Both parties ask us to rely on Flores' deposition in determining whether he was aware of the provisions of § 19a-590. We are limited, however, to a consideration of the facts alleged in the complaint. A "speaking" motion to strike (one imparting facts outside the pleadings) will not be granted. *Liljedahl Bros., Inc.* v. *Grigsby*, 215 Conn. 345, 348, 576 A.2d 149 (1990); *Bulkley* v. *Norwich & W. R. Co.*, 81 Conn. 284, 286, 70 A. 1021 (1908). Thus, we will not consult Flores' deposition.

We must next determine whether the second amended complaint materially changed the plaintiff's allegations or merely reiterated claims previously disposed of by the trial court. If the second amended complaint is not materially different from the first amended complaint, the plaintiff will have waived her right to appeal the granting of the second motion to strike. *P & L Properties, Inc.* v. *Schnip Development Corp.*, supra, 35 Conn. App. 51. The defendant argues that because both complaints were stricken for the reason that they failed to allege wilful conduct on Flores' part, the rule of *P & L Properties, Inc.* v. *Schnip Development Corp.*, supra, 51, applies, and we should decline appellate review.

The trial court is correct that the claimed deficiency in each complaint is a failure to allege wilful conduct. The complaints are not, however, otherwise identical. The plaintiff has not refiled the same or substantially similar allegations as those that have already been

stricken. Here, the first amended complaint was bereft of any allegations that by any stretch of legal imagination could be construed as alleging wilful conduct. The absence of such allegations was so obvious that the plaintiff stipulated that her complaint could be stricken.

Despite having been alerted to the defect in her complaint, the plaintiff inexplicably failed to include the word "wilful" in her next complaint. Despite this inexplicable continued absence of the word wilful, her next pleading contained additional language with which she argues that wilful conduct may be inferred.

We are persuaded that the plaintiff has not waived her right to appeal but has made a good faith effort to file a complaint that states a cause of action. *P & L Properties, Inc.* v. *Schnip Development Corp.*, supra, 35 Conn. App. 46, is inapposite. Thus, we must consider the merits of the plaintiff's argument that she has pleaded wilful conduct by Flores.

## II

This is a case of first impression, in which we are asked to construe Public Acts 1989, No. 89-246, the "Act Concerning AIDS Related Testing, Medical Information and Confidentiality." General Statutes §§ 19a-581 through 19a-592. We focus on the statute that creates a cause of action against "any person . . . who *wilfully* violates any provision of this chapter." (Emphasis added.) General Statutes § 19a-590. The first issue before us is whether the plaintiff has alleged that Flores *wilfully* violated § 19a-583,[3] which, with exceptions not relevant here, prohibits disclosure of HIV-related information.

---

[3] General Statutes § 19a-583 (a) provides in relevant part: "No person who obtains confidential HIV-related information may disclose . . . such information . . . ."

Section 19a-590 does not create a cause of action for *all* violations of the statute. It expressly creates a claim solely for *wilful* violations. The first amended complaint was stricken by agreement because it lacked an allegation of wilfulness and, therefore, did not state a cause of action. Although neither complaint expressly used the word wilful, the plaintiff claims that the second amended complaint contains allegations from which the trial court should have concluded that she was pleading wilful conduct on Flores' part. The plaintiff specifically relies on paragraph sixteen of the second amended complaint for her claim that she has alleged wilful conduct. Paragraph sixteen states: "After her conversation with Ms. Doe, Ms. Marselle consulted Dr. Flores concerning her intention to disclose Ms. Doe's HIV status to Ms. Marselle's sons whom she knew to be illegal drug users and acquaintances of friends of Ms. Doe."

The plaintiff also relies, albeit to a lesser extent, on paragraph seventeen, which states: "At no time did Dr. Flores inform defendant Marselle of the statutory prohibition against releasing any information which would identify Ms. Doe as HIV positive. In fact, Dr. Flores affirmatively authorized Ms. Marselle's illegal disclosure, with the sole proviso that Ms. Doe's actual name not be used in identifying her."

The relevant portion of § 19a-590 provides: "Any person . . . who wilfully violates any provision of this chapter shall be liable in a private cause of action . . . ." The plaintiff argues that "wilful" is a word of many meanings and urges that we accept the definition "intentionally" as opposed to "accidentally." She cites cases from other jurisdictions and three Connecticut criminal cases in support of this view.

The three Connecticut criminal cases limit the definitions of wilful therein to the criminal statutes being

construed. *State* v. *Candito*, 4 Conn. App. 154, 157, 493 A.2d 250 (1985) (limited to wilful failure to appear statute); *State* v. *Hoskins*, 35 Conn. Sup. 587, 596, 401 A.2d 619 (1978) (limited to wilful failure to appear statute); *State* v. *White*, 2 Conn. Cir. Ct. 1, 3, 193 A.2d 175 (1963) (limited to statute prohibiting wilful evasion of payment of bridge toll).

In the world of torts, "wilful" is a term of art, and the Connecticut tort cases have uniformly defined wilful differently from the meaning in criminal law. In Connecticut, wilful misconduct is conduct that displays a reckless disregard for the safety and rights of others and the consequences of one's actions. *Brown* v. *Branford*, 12 Conn. App. 106, 108, 529 A.2d 743 (1987); see also *Menzie* v. *Kalmonowitz*, 107 Conn. 197, 199, 139 A. 698 (1928). "Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . Not only the action producing the injury but the resulting injury also must be intentional." (Citations omitted; internal quotation marks omitted.) *Dubay* v. *Irish*, 207 Conn. 518, 533, 542 A.2d 711 (1988).

*Dubay* v. *Irish*, supra, 207 Conn. 533, summarizes the role "wilful" plays in this state's case law. "While [our Supreme Court has] attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. The result is that 'willful,' 'wanton,' or 'reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than

mere thoughtlessness or inadvertence, or simply inattention . . . . W. Prosser & W. Keeton, Torts (5th Ed.) § 34, p. 214." (Internal quotation marks omitted.) Id.; see also 2 D. Pope, Connecticut Actions and Remedies, Tort Law (1993) § 25:04; D. Wright, J. Fitzgerald & W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 61.

Thus, it is readily apparent that in Connecticut tort law "wilful" means far more egregious conduct than the simple definition that the plaintiff extracts from criminal cases and urges upon us. Nevertheless, the plaintiff argues that in drafting § 19a-590 the legislature intended wilful to have a meaning substantially different from its usual meaning in Connecticut tort law. The fallacies in this argument are many.

First, we will look to the legislative history of a statute only if it is ambiguous; *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 187, 592 A.2d 912 (1991); and a statute does not become ambiguous merely because the parties contend for different meanings. *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.*, 216 Conn. 40, 63, 578 A.2d 1054 (1990). Because wilful has been interpreted by our courts on so many occasions, it has acquired a settled meaning and cannot be said to be ambiguous. Therefore, we have no reason to consider the statute's legislative history.

Second, General Statutes § 1-1 (a) prescribes that "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly." Wilful has acquired a "peculiar and appropriate" meaning in the law of this state. *Dubay* v. *Irish*, supra, 207 Conn. 533. Words with fixed legal or judicially settled meanings are presumed to have been

used by the legislature in that sense. *Perkins* v. *Freedom of Information Commission*, 228 Conn. 158, 169, 635 A.2d 783 (1993). Wilful has a fixed legal and judicially settled meaning as discussed previously, and, accordingly, we presume it was used in that sense.

Third, when the legislature enacts a law, it is presumed to know the state of the law and the interpretation that the courts have given to the words and phrases it uses. Id., 169–70. Accordingly, there is a presumption that when the legislature used wilful in § 19a-590 it was aware of the interpretation and judicial gloss that the courts had put on the word.

Fourth, we must presume that there is a purpose behind every word, clause or phrase in a legislative enactment. *Frillici* v. *Westport*, 231 Conn. 418, 432, 650 A.2d 557 (1994). If we delete wilful, § 19a-590 provides in pertinent part: "Any person . . . who . . . violates any provision of this chapter shall be liable in a private cause of action" which is a perfectly sensible sentence that comes closer to the interpretation put forward by the plaintiff without the deletion. In the plaintiff's definition, the word wilful would be redundant and would serve no purpose nor add anything. A statute should, however, be construed so that no word is treated as superfluous or insignificant. *Rydingsword* v. *Liberty Mutual Ins. Co.*, 224 Conn. 8, 16, 615 A.2d 1032 (1992).

Fifth, although it is true that statutes are to be construed to give effect to legislative intent: *State* v. *Johnson*, 227 Conn. 534, 541, 630 A.2d 1059 (1993); the intent of the legislature is to be found, not in what it intended to say, but in the meaning of what it did say. *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 652, 594 A.2d 952 (1991); *State* v. *Guckian*, 27 Conn. App. 225, 243, 605 A.2d 874 (1992), aff'd, 226 Conn. 191, 627 A.2d

407 (1993). Our courts have repeatedly held that the question before the court is never what the legislature intended but what intention it expressed. *Kilduff* v. *Adams, Inc.*, 219 Conn. 314, 336, 593 A.2d 478 (1991).

Sixth, this court must construe a statute without reference to whether we feel that it might be improved by interpreting it differently. *Emergency Medical Services Commission* v. *Freedom of Information Commission*, 19 Conn. App. 352, 355, 561 A.2d 981 (1989). It is our duty to apply the law, not to make it. *Murray* v. *Lopes*, 205 Conn. 27, 34, 529 A.2d 1302 (1987); 20 Am. Jur. 2d, Courts § 64 (1995).

In view of our case law's clear definition of wilful, together with our application of the canons of statutory construction, we are not persuaded that paragraphs sixteen and seventeen of the second amended complaint can be construed as alleging wilful conduct by Flores. Accordingly, we agree with the trial court that the second amended complaint does not allege that Flores wilfully violated § 19a-583 (a).

### III

The plaintiff phrases her second claim, "Did the trial court err in deciding that the plaintiff Jane Doe is precluded from alleging negligence and negligent infliction of emotional distress against defendant Flores on the grounds that Connecticut General Statutes § 19a-581 et seq. is the exclusive remedy for a physician's unauthorized disclosure of confidential HIV-related information?"

The general question of whether § 19a-581 et seq. is the exclusive remedy for an unauthorized disclosure of confidential HIV-related information is too broad to allow a definitive answer. We will not presume the omniscience to conceive of the infinite and varied actions that the fertile minds of the plaintiffs' bar might divine. Rather, we will limit our analysis to the nar-

rower, yet more practical, issue of whether the plaintiff in the present case has pleaded any other cause of action that should have withstood Flores' motion to strike.

The plaintiff modified the negligence, negligent infliction of emotional distress, and the CUTPA counts in the second amended complaint. As she had in the first amended complaint, however, the plaintiff incorporated count one, based on § 19a-581 et seq., by reference into all of these counts. Because the first count failed, as discussed previously, the counts into which it was incorporated must also fail.

## IV

We agree with the trial court that the defendant's motion to strike should be granted, but we do not adopt the trial court's reasoning that the second amended complaint merely repeats the allegations of the first amended complaint. We may affirm the trial court's action, however, if the result it reached can be supported for a different reason. *Herrmann* v. *Summer Plaza Corp.*, 201 Conn. 263, 274, 513 A.2d 1211 (1986); *Polymer Resources, Ltd.* v. *Keeney*, 32 Conn App. 340, 349, 629 A.2d 447 (1993). This doctrine is frequently referred to by the shorthand phrase, "Right result, wrong reason." This is one of those cases.

The judgment is affirmed.

In this opinion the other judges concurred.