[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In this matter, two of the defendants, the Bayer Corporation f/k/a Miles Inc. and Caldwell and Jones, move for summary judgment, maintaining that the claims of the plaintiff made against them pursuant to the Products Liability Act, Section 52-572m
et seq. of the General Statutes, are time barred by a two year statute of limitations, Section 52-577c of the General Statutes; and, further, that said claims are subject to preemption by the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136 et seq. Plaintiff responds claiming that a three year statute of limitations applies, Section 52-577a
of the General Statutes, and denying defendants' claims of CT Page 12572-G pre-emption with respect to some or all of its allegations.
There is no dispute that the defendants are the manufacturer and distributor of a pesticide the plaintiff alleges was sprayed in her face and eyes by employees, agents, or servants of the defendant, Heritage Village (not a party to this motion). Nor is it disputed that the defendants were not served until more than two years but less than three years after the date on which the plaintiff discovered her injuries (See defendants' Memorandum of Law In Support of Their Joint Motion For Summary Judgment, p. 4, and Exhibit A).
The relevant portions of Section 52-577a provide as follows:
 "No product liability claim as defined in section 52-572m
shall be brought but within three years form the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered. . ."
However, Section 52-577c(b) provides, in relevant part:
 "Notwithstanding the provisions of sections 52-577 and 52-577a, no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered. . ."
(Emphasis added.)
Section 52-577c(a)(2) and (3) defines exposure to include "any contact" and hazardous chemical substance to mean "any chemical substance or mixture for which there is a federal standard. . ."
The complaint in this matter alleges, among other things, that the pesticide known as Metasystox-R, manufactured and distributed by the defendants, was sprayed in the face and eyes of the plaintiff causing injuries. Defendants' Exhibit (B) provides that Metasystox-R is a substance subject to federal regulation, the basis for the defendants alternative claim of pre-emption. Plaintiff does not dispute the fact that Metasystox-R CT Page 12572-H is a "hazardous chemical substance" under the statute.
The plain, unambiguous language of the statute applied to the undisputed facts of the case would appear to support its applicability here.
Plaintiff argues, however, that Section 52-577c applies only to injuries resulting from releases of hazardous materials from industrial waste streams or toxic waste dumps in a manner that affects ground water and drinking water, citing West HavenSchool District v. Owens-Corning Fiberglass Corp. , 721 F. Sup. 1547,1553 (D. Conn. 1988). This case involves a suit by the West Haven School District to recover funds expended to abate a potential problem with asbestos contamination in several of its schools. It includes no claim of injuries or damage resulting from contact or exposure. Based upon the legislative history of Section 52-577c and a plain reading of the statute, the District Court found the act inapplicable to the facts of that case. The Court specifically noted the intent of the legislature to regard Section 52-577a as the operative statute with respect to asbestos product actions as manifested by the amendment to Section 52-577a(e) which includes specific reference to asbestos actions. The case bears little factual resemblance to the one before this court.
In Sharp v. Wyatt, Inc., 31 Conn. App. 824 (1993), the Appellate Court discussed the relationship of the two statutes in connection with a products liability action involving the deaths of three individuals. The court, in considering a motion for summary judgment based on Section 52-577c, noted that for the statute to apply, "an action must involve injury `caused by exposure' to a hazardous chemical substance or mixture or hazardous pollutant. The issue before us is whether the deaths of the decedents were caused by `exposure' to petroleum products." Sharp v. Wyatt, supra, 854. Since the court determined that a genuine issue of fact existed as to whether the "exposure" to the petroleum products caused the deaths or asphyxiation by exclusion of oxygen caused the deaths, the court denied the defendants' motion.
At no time in Sharp did the court suggest that Section 52-577c
applies only to claims for injuries as a result of releases of hazardous materials from industrial waste streams or toxic waste dumps in a manner that affects ground water and drinking water. In fact, under the circumstances of Sharp, the court, CT Page 12572-I clearly, would have found the statute applicable absent the above noted issue of fact regarding the cause of death of the decedents. In the case at bar, no such issue of fact exists with respect to the cause of plaintiff's alleged injuries.
Plaintiff further argues that it is necessary to determine the legislative intent behind Section 52-577c by reviewing its legislative history and beginnings as "An Act Concerning Clean Water." As noted in Sharp, however, `"[t]he objective in analyzing legislative action is to discern and effectuate the apparent intent of the legislature. (Citations omitted.) In doing so, "[w]e look first to the plain, unambiguous language of the statute." (Citations omitted.) Unless the statute is ambiguous, it is unnecessary and indeed improper to engage in an analysis of the history underlying the statute. (Citations omitted.)"' Sharp v. Wyatt, supra, 854.
"[A]lthough it is true that statutes are to be construed to give effect to legislative intent; (Citations omitted.); the intent of the legislature is to be found, not in what it intended to say, but in the meaning of what it did say. (Citations omitted.)" Doe v. Marselle, 38 Conn. App. 360, 369-370
(1995).
Just as in Sharp, this court finds the plain language of Section 52-577c to be sufficient to preclude delving into the legislative history of the act.
This court finds further that there exists no genuine issue of material fact regarding the applicability of Section 52-577c
to the facts of this case; that plaintiff's claims against the two defendants are time barred by the statute; and that the matter is appropriate for disposition by motion for summary judgment. Daily v. New Britain Machine Co., 200 Conn. 562, 566
(1986).
Under the circumstances, it is unnecessary to consider defendants' alternative claim of pre-emption. The defendants' Motion For Summary Judgment is granted.
FASANO, J.