[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#123)
The second count of plaintiff's fifth amended complaint claims a violation of Section 42-110b of the General Statutes, the Connecticut Unfair Trade Practices Act (CUTPA). Essentially, plaintiff alleges that an employee of the defendant medical laboratory purposely tampered with multiple blood samples drawn for medical testing, over a two month period, including a sample taken from the plaintiff. The tampering allegedly resulted in an inaccurate prognosis relative to the birth of plaintiff's child, unnecessary tests and procedures, emotional distress, and other damages. Plaintiff further alleges that its damages were proximately caused by the negligence, recklessness, and purposeful conduct of the defendant in its failure to institute proper standards, measures and procedures to guard against and detect employee tampering, and its failure to notify the plaintiff of the tampering within a reasonable period of time.
Defendant moves to strike the second count claiming that the pervasive state and federal regulation of medical laboratories to which the defendant is subject, exempts the defendant from CUTPA pursuant to Section 42-110c of the General Statutes. Furthermore, the allegations of count two are insufficient to constitute a violation of CUTPA; in that, plaintiff fails to allege conduct constituting an "unfair trade practice," simply reiterates its claim of negligence, and alleges only one isolated instance of conduct by the defendant.
Defendant's claim of exemption based on pervasive state and federal regulation must fall. As plaintiff notes, the standards and procedures for licensing and operation referred to in defendant's brief hardly distinguish medical laboratories from other businesses and professions subject to various regulatory schemes; and, in fact, pale in comparison to regulatory schemes applicable to banks and insurance companies, both of which are subject to CUTPA. See Normand Josef Enterprises v. ConnecticutNational Bank, 230 Conn. 486, 508-521 (1994); and Lees v.Middlesex Ins. Co., 219 Conn. 644 (1991). CT Page 2337
A regulatory scheme warranting exemption from CUTPA would, necessarily, include carefully drafted procedural and substantive remedies covering a variety of situations, including one such as alleged here. Connelly v. Housing Authority, 213 Conn. 354,361-363 (1990). In this matter, the more extensive regulation of medical laboratories cited by the defendant is the federal regulatory scheme; however, state laws are preempted only when their operation expressly conflicts with federal law. Defendant makes no claim of preemption and can point to no statute or regulation encompassing "the same type and scope of unfair trade practices that are proscribed by CUTPA." NormandJosef Enterprises v. Connecticut National Bank, supra, 517-518. Defendant has not met its burden of proving an exemption from the purview of CUTPA as per Section 42-110c(b) of the General Statutes.
The next and, perhaps, more difficult issue is whether the allegations of the second count are sufficient to constitute a claim for relief under CUTPA. In considering defendant's motion to strike, this court must "accept as true all facts that are well pleaded and construe the complaint in the manner most favorable to sustaining its legal sufficiency." Doe v.Marselle, 38 Conn. App. 360, 364 (1995). As defendant notes, a motion to strike is an appropriate vehicle to test the legal sufficiency of a CUTPA claim.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. (Citations omitted; Internal quotation marks omitted.)
All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or to a lesser extent it meets all three. (Citations omitted; Internal quotation marks omitted.) Thus a violation of CUTPA may be established by showing either an actual deceptive practice; CT Page 2338 (Citations omitted.); or a practice amounting to a violation ofpublic policy. (Citations omitted; Emphasis added.)" CheshireMortgage Serv., Inc. v. Montes, 223 Conn. 80, 105-106 (1992).
In its second count, plaintiff alleges, among other things, negligent, reckless and purposeful conduct on the part of the defendant in allowing and failing to detect the intentional tampering with blood samples by an employee over a significant period of time. Plaintiff includes in its allegations the violation of a number of specific federal regulations. This court finds that, given the nature of defendants business and responsibility to the public, the impact of such conduct as alleged relative to the public in general, and the alleged violation of federal regulations pertaining to such conduct, the allegations are sufficient to constitute a violation of public policy and, further, that such conduct is sufficient to be characterized as "immoral, unethical, oppressive, or unscrupulous" in satisfaction of the first two criteria under "the cigarette rule."
Plaintiff further alleges that as a result of defendant's conduct, the plaintiff was mistakenly informed that "there was a high probability that her child would be born without a brain," resulting in further medical procedures increasing risk to plaintiff and the unborn child, further medical expenses, and severe emotional distress. These allegations satisfy the third criterion, in that, the injury alleged is substantial; not outweighed by any benefits to consumers or competition that the practice produces; and not an injury that the plaintiff could have reasonably avoided. A-G Foods, Inc. v. Pepperidge Farm,Inc., 216 Conn. 200, 216 (1990).
As both parties note, there is a split of authority as to whether a single transaction or episode can result in a violation of CUTPA. This court would note, however, that plaintiff has alleged a practice or course of conduct which allowed purposeful tampering to go undetected over a period of several months. Though the injuries alleged were the result of one faulty test result, the negligent, reckless and purposeful conduct alleged to have resulted in the faulty test result, does not constitute an isolated episode or transaction. However, even if such allegations were held to constitute a single transaction, under these circumstances, this court would adhere to the majority of decisions that hold a single transaction to be sufficient under CUTPA. See Cordtz v. Arbor NationalCT Page 2339Mortgage, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317401 (Mar. 10, 1995, Freedman, J.).
Defendant's motion to strike the plaintiff's fifth amended complaint is denied.