[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff, Audrey Balzac, filed a seven-count amended CT Page 2808 complaint on August 8, 1995 against the Stamford Hospital. The plaintiff alleges that during a visit to the hospital, she picked up a needle discarded on the floor, and was pricked. Subsequently, when she returned to the hospital for an HIV test because of the needle prick, two agents/servants and/or employees (employee) allegedly disclosed confidential information relating to the test to several people in the waiting room. The defendant filed a motion to strike counts three through seven alleging negligence, negligent infliction of emotional distress, invasion of privacy and false light invasion of privacy on August 23, 1995. The plaintiff objected to the motion on October 4, 1995, and the plaintiff filed a reply to the plaintiff's objection on November 20, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems Inc.v. BOC Group Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The defendant asks the court to strike counts three through seven because the counts fail to allege wilful misconduct as required for recovery of damages related to disclosure of confidential HIV-related information; counts three, four, five and six because General Statutes § 19a-581 et seq. is the exclusive remedy for an unauthorized disclosure of confidential HIV-related information, and count three because the plaintiff failed to sufficiently allege "publication" as required for an invasion of privacy action.
General Statutes § 19a-590 provides, "[a]ny person, except as otherwise provided in this chapter, who wilfully violates any provision of this chapter shall be liable in a private cause of action for injuries suffered as a result of such violation." The plaintiff alleges a violation of the following provision: "[n]o person who obtains confidential HIV-related information may disclose or be compelled to disclose such information." General Statutes § 19a-583. Wilful misconduct "is conduct that displays a reckless disregard for the safety and rights of others and the consequences of one's actions." Doe v.CT Page 2809Marselle, 38 Conn. App. 360, 367, 660 A.2d 871 (1995). "Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . [it is] highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Id. The court in Doe
held that the plaintiff did not state sufficient facts to allege wilfulness where the plaintiff alleged that the defendant, a surgical assistant, sought to disclose a patient's HIV status to her sons, and the doctor authorized the disclosure.
In this case the plaintiff has alleged the following: "[a] female [employee] . . . stated very loudly in the lab `She [plaintiff] is here for HIV.' There were several persons present in the waiting room. The woman repeated this statement several times. Plaintiff stated to the women that she should explain to persons present that one can get HIV from a needle prick. The woman refused to do so. Upon hearing this, a male [employee] . . . then came into the reception area and began discussing the HIV test with plaintiff and the woman. The circumstances and the content of these discussions revealed to those present that plaintiff was being tested for HIV for some reason other than the needle stick, i.e. that she had engaged in affirmative conduct causing her to need to be tested for HIV." (Complaint, Count 3, § 4.) Plaintiff also alleges that defendant's employees "intentionally or with reckless disregard disclosed confidential HIV-related information." (Complaint, Count 7, § 7.). The alleged offense was repeated, and continued over the plaintiff's request to remedy the harm. The plaintiff has alleged wilfull conduct.
The defendant next challenged the complaint on the ground that General Statutes § 19a-590 is the exclusive remedy for unauthorized disclosure of HIV-related information. The court inDoe held, "[t]he general question of whether § 19a-581 et seq. is the exclusive remedy for an unauthorized disclosure of confidential HIV-related information is too broad to allow a definitive answer. We will not presume the omniscience to conceive of the infinite and varied actions that the fertile minds of the plaintiffs' bar might divine. Rather, we limit our analysis to the narrower, yet more practical issue of whether the plaintiff in the present case has pleaded any other cause of action that should have withstood Flores's motion to strike." Doev. Marselle, supra, 38 Conn. App. 370-71. The court then held that because the counts in negligence, negligent infliction of CT Page 2810 emotional distress, and the CUTPA counts incorporated the allegation based on § 19a-581 et seq., and that count failed because the plaintiff had not adequately pled wilfulness, the subsequent counts failed as well. Id., 371. The plaintiff in this action left the § 19a-581 count for last, therefore this court cannot take the same tactic.
The plaintiff argues the following: "Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed." Lynnv. Haybuster Mfg., Inc., 226 Conn. 282, 289-290, 627 A.2d 1288
(1993) (allowing loss of consortium claim in products' liability case). "Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct."Kilduff v. Adams, Inc., 219 Conn. 314, 336, 593 A.2d 478 (1991). The defendant argues that there was no common law action for negligent disclosure of HIV-related information. There is a common law action in negligence, negligent infliction of emotional distress, invasion of privacy and false light invasion of privacy. While there may not have been an action for negligent disclosure of HIV-related information, the fact patterns for a negligence action are limitless. Furthermore, there are actions for negligence based on statutorily-created duties. SeeSkryzypiec v. Noonan, 228 Conn. 1, 633 A.2d 716 (1993) (action in negligence and a violation of General Statutes §§ 52-146d and52-146e against a psychiatrist and social worker for damages resulting from the disclosure of confidential psychiatric information), Burns v Board of Education, 228 Conn. 640, 646,638 A.2d 1 (1994) ("A duty to use care may arise from . . . a statute.")
The statute is not ambiguous, it creates a cause of action under the statute, but does not expressly limit other causes of action. If the legislature had chosen to do so, it could have used language similar to that used in the Product Liability Act § 52-572m et seq. Accordingly, § 19a-581 is not an exclusive remedy, and the court will not strike counts three through six on that ground.
Lastly, the defendant argues that count five should be stricken because it fails to allege publication of the information to the public at large. The plaintiff argues that because the cause of action is relatively new and undeveloped by CT Page 2811 the courts, the court does not have sufficient authority to strike the count.
The court, as the defendant argues, has recognized invasion of privacy as a cause of action, and adopted the categories of invasion of privacy set forth in 3 Restatement (Second), Torts § 652A which include "unreasonable publicity given to the other's private life." 3 Restatement (Second) Torts § 652DGoodrich v. Waterbury Republican-American, Inc., 188 Conn. 107,126-28, 448 A.2d 1317 (1982). The restatement provides that publicity, as distinct from publication in defamation law "means that the matter is made public, by communicating it to public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. . . . it is not an invasion of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons . . ." 3 Restatement (Second), Torts § 652D, cmt a. "[P]ublicity is a communication that reaches, or is sure to reach, the public at large." Handler v.Arends, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 527732 (March 1, 1995, Sheldon, J.) (granting summary judgment in relevant part for reading a memorandum to a committee of ten persons), McGrath v. YaleCorporation, Superior Court, Judicial District or New Haven, Docket No. 326144 (May 17, 1993, Thompson, J.) (granting motion to strike using standard in Restatement comment cited above); but see Decampos v. Kennedy Center, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 260290 (November 23, 1990, Licari, J., 3 Conn. L. Rptr. 549) (denying motion to strike where defendant informed numerous prospective employers that plaintiff was not trustworthy and repeated the accusations to other persons.) An objectionable statement made in the presence of "several persons in the waiting room" does not rise to the level of publicity as required in an action for unreasonable publicity given to the other's private life.
Therefore, the defendant's motion to strike count five is granted, but the defendant's motion to strike counts three, four, six and seven is denied.
TOBIN, J. CT Page 2812