[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a six count complaint (individually, and as Administratrix of the Estate of James Caron) alleging negligence and loss of consortium against the defendants, Connecticut Light Power Company (CLP); Roald Haestad, Inc.; and the City of Danbury (Danbury). This motion to strike concerns only counts five and six of the plaintiff's complaint. Count five alleges negligence against Danbury. Count six alleges loss of consortium against Danbury. CT Page 3590
Count five of the plaintiff's complaint alleges the following facts. The decedent, James Caron, was an invitee upon premises owned by Danbury. Danbury created and maintained a dangerous condition on the premises, failed to inspect the premises, failed to warn the decedent of the dangerous and hazardous condition of the job site, failed to take proper measures to render the premises reasonably safe, failed to remedy the dangerous and hazardous condition on the job site, failed to exercise reasonable care, and failed to properly observe the decedent and others while working on the job site. The decedent was electrocuted while working on property owned by Danbury. "The acts of the Defendant Danbury . . . were outside the scope of any employment relationship between Defendant Danbury and James Caron and did not arise out of and in the course of James Caron's employment with the Defendant Danbury."
Count six of the plaintiff's complaint alleges that the plaintiff suffered the loss of consortium of her husband, James Caron, as a result of Danbury's negligence.
On July 14, 1995, Danbury filed a motion to strike counts five and six of the plaintiff's complaint on the ground that the exclusivity provision of the Workers' Compensation Act (General Statutes, Sec. 31-284 (a)) bars the plaintiff's recovery.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15.
Danbury argues that the plaintiff's complaint alleges that the decedent, James Caron, was an employee of the City of Danbury at the time of the accident and that the exclusivity provision of the Workers' Compensation Act bars recovery. Danbury also argues that Connecticut does not recognize the "dual capacity" doctrine as an exception to the exclusivity provision of the Workers' Compensation Act. "The `dual capacity' doctrine describes the situation where an employer has two capacities or legal persona such as employer and owner . . . or employer and manufacturer." (Citations omitted.) Sharp v. Mitchell, 209 Conn. 59, 62 n. 3. CT Page 3591
The plaintiff counters by arguing that the complaint does not allege that James Caron was an employee of Danbury at the time of the accident, and that the complaint specifically alleges that Danbury's negligence does not arise out of any employment relationship between the decedent and Danbury. "A special defense, and not a motion to strike, is the proper procedural vehicle to challenge the plaintiff's complaint on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Act. Cecere v. LaBonne's Epicure, Inc.,8 Conn. L. Rptr. 465 (March 11, 1993, Wagner, J.), citing Grant v. Bassman,221 Conn. 465, 473 . . . ." Werge v. SNET, Superior Court, judicial district of New London at New London, Docket No. 527516, (May 23, 1994, Leuba, J.).
Before the court can find that the Workers' Compensation Act bars the plaintiff's recovery, the court must find that the plaintiff alleges in her complaint that the decedent received Workers' Compensation benefits or that Danbury's negligence arose out of and in the course of the decedent's employment. This complaint alleges neither. Count five specifically alleges that Danbury's negligence did not arise out any employment relationship between the decedent and Danbury. "[T]he court may not seek beyond the complaint for facts necessary to determine whether the plaintiff['s] injuries are governed exclusively by the Workers' Compensation Act." Tibbals v. USAA Casualty Ins.Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518716 (April 21, 1994, Hennessey, J.). Danbury's motion to strike is a "speaking motion" to strike, and "[a] `speaking motion' to strike . . . will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, cert. granted in part, 235 Conn. 915.
Count six is a claim derivative of count five. Sanzone v.Board of Police Commissioners, 219 Conn. 179, 199. Accordingly, Danbury's motion to strike counts five and six is denied.
Moraghan J.