[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#108)
The defendant argues in support of her motion to strike that even though the property in this case is not commercial property, the provisions of C.G.S. § 20-325a apply because the plaintiff has followed the lien procedures mandated under that statute when bringing an action to collect a real estate commission on commercial property. Prior to October 1, 1995 those statutory procedures applied to commercial property only. CT Page 9361 Effective October 1, 1995 those procedures applied to "any real property." In the instant case the listing agreement was entered into on August 2, 1995 and involves residential property.
In ruling on a motion to strike the court is limited to the facts alleged in the complaint. Nova Metrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210 (1992). A "speaking" motion to strike (one imparting facts outside the pleadings) will not be granted. (Citations omitted). Doe v. Marselle, 38 Conn. App. 360,364 (1995). The plaintiff has alleged within the four corners of its complaint a common law cause of action for breach of contract. Therefore, the motion to strike is denied.
It should be noted that the defendant's motion to dismiss was denied on June 13, 1997 (Wagner, J.), that court ruling that the instant action "was not a statutory action." (Pleading #101).
Mary R. Hennessey, Judge.