[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM MOTION TO STRIKE #108
The defendants, Hickey Canada, Inc., LBL Skysystems, Inc., Swiss Bank Corporation, Gateway Land Corporation and Safeco Insurance Company of America, have filed a motion to strike a portion of the prayer for relief in the plaintiff's amended complaint. Specifically, the defendants seek to strike line five of counts one, two and five in the prayer for relief, in which the plaintiff requests attorney's fees allegedly allowed under a contract entered into between the parties.
"The general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." Rizzo Pool Co. v. DelGrosso, 240 Conn. 58,72, 689 A.2d 1097 (1997).
"There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights." (Citation omitted.) Id., 73. The plaintiff has alleged that it is entitled to attorney's fees pursuant to a contract. Therefore, the plaintiff's request for attorney's fees is legally sufficient.
In addition, the defendants seek to introduce the terms of a separate contract which has not otherwise been alluded to in the pleadings. "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlCT Page 8161Brothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). When considering a motion to strike, the court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996).
For these reasons, the defendants' motion to strike that portion of the plaintiffs prayer for relief seeking attorney's fees in counts one, two and five is denied.
NADEAU, JUDGE