[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE #101
On June 11, 1998, the plaintiff, Beverly Forgione, filed this three count complaint alleging breach of contract, CUTPA violations, violation of the Truth-In-Lending Act, and quiet CT Page 3133 title, against the defendant, Commercial Credit Corporation (Commercial). The plaintiff alleges the following facts within her complaint. On May 29, 1984, the plaintiff executed a promissory note and mortgage on her residence at 78 Racebrook, Meriden, Connecticut, which the plaintiff characterizes as the first mortgage. Central Bank was the original mortgagee, subsequently it assigned the mortgage to Commercial on September 27, 1991. In count one, the plaintiff alleges that the defendant breached the first mortgage and promissory note, by changing the term of the note from a 30 year loan to a 16 year loan, changing the interest rate from a variable to a fixed rate, and failing to use a portion of the monthly payments for property taxes. In response to the alleged violations, on or about May 25, 1995, the plaintiff notified the defendant that she was rescinding the first mortgage. Next, the plaintiff claims that the defendant filed a complaint to foreclose on a second mortgage, but later amended the complaint adding the first mortgage and withdrawing the second mortgage. The plaintiff does not make any allegations as to the origin of the second, mortgage. The plaintiff seeks damages caused by the defendant's breach related to additional charges, penalties, taxes, and attorney fees associated with the defense of the foreclosure action and related bankruptcy proceedings. The plaintiff further alleges that General Statutes § 52-592 allows her to bring this action under count one.
In count two, the plaintiff alleges CUTPA violations, statutory conversion pursuant to General Statutes § 52-564, and violations of the federal and Connecticut Truth-In-Lending Acts, 15 U.S.C. § 1601 et. seq. and General Statutes § 36a-676
et. seq., respectively. The plaintiff seeks damages for the alleged violations and alleges that General Statutes § 52-592
allows her to bring these claims.
As to count three, the plaintiff claims that she rescinded the note, because the defendant misapplied mortgage payments and modified the interest rate on the loan without disclosing the modifications to the plaintiff. Therefore, the plaintiff claims that the defendant's subsequent foreclosure action constitutes a voidable transfer of the Racebrook property and the plaintiff now seeks relief under General Statutes §47-31 et. seq.
On July 23, 1998, the defendant filed a motion to strike the entire complaint. The plaintiff objects to the motion to strike and has filed an opposing memorandum. CT Page 3134
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . .' (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996).
The first ground asserted by the defendant in its motion, "Each Count fails to state a claim upon which relief can be granted," fails to state specific reasons for the claimed insufficiency and therefore would render the motion fatally defective. Also, the other grounds set forth in its motion, "the Complaint advances the same causes of action that have been previously advanced by Forgione and have been dismissed or denied in numerous other actions in state and federal courts . . . and (iii) the failure of the Court to strike the Complaint will condone a continued, deliberate, and systematic abuse of the Connecticut Superior Court . . .," do not assert reasons why the plaintiff's allegations fail to state a cause of action.
"Because the defendant did not specify the distinct reasons for the claimed insufficiency of the pleadings its motion, the motion [is] . . . "fatally defective" under Practice Book § 154 notwithstanding the inclusion of such reasons in its supporting memorandum . . . We, nevertheless, consider the defendant's motion in the form presented to the trial court due to the plaintiff's failure to object to its form and the nonjurisdictional nature of § 154." (Citation omitted.)Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991). In the present case, this court may consider the motion in its present form in accordance with Bouchard, because the plaintiff has not objected to the form of the defendant's motion.
Counts One and Two
As to counts one and two, the defendant argues that the plaintiff has failed to satisfy the requirements of General Statutes § 52-592, therefore counts one and two should be stricken. In opposition, the plaintiff asserts that counts one and two state claims upon which relief may be granted under § CT Page 313552-592, because the claims were made in prior proceedings but were never heard on the merits.
General Statutes § 52-592 (a) provides: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
The defendant supports its motion to strike by attaching several exhibits to support its position that the plaintiff has not met the requirements of § 52-592. The plaintiff has not attached any of these exhibits to her complaint.
"We are limited, however, to a consideration of the facts alleged in the complaint. A speaking motion to strike (one imparting facts outside the pleadings) will not be granted. "Doe v. Marcelled, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996) The present case is analogous to Markiewicz v. Bajor, Superior Court, judicial district of Ansonia/Milford, Docket No. 032458 (December 7, 1990, Fuller, J.). In Markiewicz, the defendant filed a motion to strike a complaint on the ground that the plaintiff could not rely upon § 52-592 to salvage a cause of action which had been previously dismissed. In support of his motion, the defendant attached several exhibits to prove the plaintiff's inability to rely on § 52-592, however the plaintiff had not attached these exhibits to the complaint. The court, Fuller, J., denied the defendant's motion to strike, because it relied upon pleadings and facts which were not alleged in the complaint, therefore the defendant's motion to strike amounted to an impermissible speaking motion. Id.; see also Polesak v. MedicalLaboratory Service, Superior Court, judicial district of Bridgeport, Docket No. 339545 (July 17, 1997, Skolnick, J.) CT Page 3136 (denying a motion to strike claims relying on § 52-592 due to defendant's use of facts outside of the pleadings).
In the present case the defendant attaches several exhibits which are not a part of the pleadings in support of its motion. This court denies the defendant's motion to strike as to counts one and two, because it is a speaking motion.
Count Three
As to count three, the defendant contends that the plaintiff's claim under General Statutes § 47-31 is improper because the plaintiff has not alleged that she has present title or interest in the property in question. Furthermore, the defendant maintains that the plaintiff cannot pursue this action, because the factual predicates underlying this cause of action have been previously litigated, and res judicata bars her from proceeding under this count.
In opposition, the plaintiff asserts that she has properly pleaded a cause of action pursuant to § 47-31. The plaintiff contends that her allegations of former ownership, valid rescission of the mortgage, and her present claim of ownership, satisfy the statutory requirements of § 47-31.
General Statutes § 47-31 provides in pertinent part, "(a) An action may be brought by any person claiming title to, or any interest in, real or personal property, or both, against any person who may claim to own the property, or any part of it, or to have any estate in it. . . . (b) The complaint in such action shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired the claim, interest or title and shall name the person or persons who may claim the adverse estate or interest. . . ."
"In all actions to quiet title, there is a single statute, General Statutes § 47-31, which is applicable to a plaintiff's claims. . . ." (Citation omitted.) DeVita v. Esposito,13 Conn. App. 101, 103-104, 535 A.2d 364 (1987), cert. denied,207 Conn. 807, 540 A.2d 375 (1988).
"The statute requires that the complaint in such an action describe the property in question, state the plaintiff's claim, interest or title and the manner in which the plaintiff aquired [acquired] the interest, title or claim, and it must also name the person or CT Page 3137 persons who may claim the adverse interest or estate. . . ." (Citation omitted.) Koennicke v. Maiorano, 43 Conn. App. 1, 9,682 A.2d 1046 (1996). The plaintiff attached a description of the land in question to her complaint. (Complaint, Ex. G.) The plaintiff alleges it held an ownership interest in the Racebrook property, mortgaged the property and the subsequent foreclosure by the defendant constituted an invalid transfer. The plaintiff claims that she rescinded the mortgage due to the defendant's violation of the Truth-In-Lending Act and she maintains an interest in the property. In summary, the plaintiff has provided a description of the property, stated her interest in the Racebrook property, and she claims that the defendant holds an adverse interest. Therefore, the plaintiff has met the pleading requirements of General Statutes § 47-31.
"A motion to strike is not the proper method by which to raise the issue of res judicata and collateral estoppel. Generally, res judicata must be specially pleaded . . . and then it can be raised properly by a motion for summary judgment. . . ." (Citation omitted; internal quotation marks omitted.) Lindsay v.Consolidated Hydro. Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161210 (October 30, 1998, D'Andrea, J.). Therefore, the defendant's assertions regarding res judicata are without merit in the context of a motion to strike. Based on the foregoing, this court denies the defendant's motion to strike the third count.
The defendant has also moved for sanctions against the plaintiff and her attorney, asserting that the present complaint was filed in bad faith. "[T]he task of determining whether sanctions should be imposed is inherently fact bound, and requires carefully circumscribed discretion to be exercised by the trial court. . . ." (Citation omitted; internal quotation marks omitted.) Pennie v. Edmonds v. Hill, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 37.1668 (December 5, 1995, West J.), aff'd on other grounds, 44 Conn. App. 910,688 A.2d 375, aff'd, 240 Conn. 920, 692 A.2d 814.
The defendant, as discussed above, has failed to demonstrate that the complaint is legally insufficient. Therefore this court denies the defendant's motion for sanctions, because the plaintiff's claims may be valid.
The defendant's motion to strike is denied. CT Page 3138
John Moran, Judge