[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Stephen Massad, has brought a three count complaint, pursuant to the accidental failure of suit statute, General Statutes § 52-592, against the defendants, the town of Windham and Donald Schultz. The defendants move to strike the plaintiff's complaint on the ground that this complaint is identical to the one previously dismissed for failure to prosecute, and the plaintiff does not meet the requirements of General Statutes § 52-592. The defendants contend that this complaint cannot be saved because the previous dismissal was not due to a matter of form, but, rather, was due to an egregious lack of diligence. In support of their position, the defendants have attached numerous documents, including pleadings, motions and decisions from the prior case, as exhibits to their memorandum. The plaintiff, however, has attached none of these documents to his complaint.
In reviewing a motion to strike, the court is limited "to a consideration of the facts alleged in the complaint. A "speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); seeConnecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83,415 A.2d 771 (1979) ("[a]nnexation of an agreement to [a motion to strike] . . . makes it the equivalent of a `speaking motion to strike,' which is not proper").
By attaching and relying upon documents that are not part of the pleadings, the defendants have submitted an improper speaking motion to strike. See, e.g., Forgione v. Commercial Credit Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 413901 (March 9, CT Page 8154 1999, Moran, J.) (exhibits to support the contention that the complaint cannot be saved by § 52-592 are improper in a motion to strike);Lopiano v. Diacri, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 162467 (April 23, 1998, Lewis, J.) (same);Polesak v. Medical Laboratory Service, Superior Court, judicial district of Bridgeport, Docket No. 339545 (July 17, 1997, Skolnick J.) (same). While pleadings from another case may be admissible evidence at a trial or on a motion for summary judgment, they cannot be considered on a motion to strike. Accordingly, the defendants' motion to strike the complaint is denied.
FOLEY, J.