[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE MOTION TO STRIKE OF DEFENDANTS VALLEY INSURANCE AND SINCLAIR
The defendants move this court to strike counts one, two, three and four of the plaintiffs' complaint on the ground that a landlord's insurance company may not bring a subrogation action for a fire loss against tenants. Each of the cases cited by the defendants, in support of their motion to strike, involved the courts' determination of a motion for summary judgment in which the courts looked to the lease agreement between the parties for an express provision stating that the tenant is liable to the landlord's insurer in the event the tenant negligently causes damage to the premises. A determination of the defendants' motion in the present case would also require this court to examine the lease agreement between the parties, which this court is not permitted to consider on a motion to strike. In ruling on the motion to strike, this court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike . . . will not be granted." Doev. Marsell, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). "Where the grounds for . . . a motion [to strike] are dependent upon underlying facts not CT Page 8840 alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). For this reason, the defendants' motion to strike counts one, two, three and four of the plaintiffs' complaint is denied.
 The Court By ____________________ Nadeau, J.