[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE #109
The plaintiff who was injured on or about October 25, 1999, in the Edmonton town Hall in Newtown, Connecticut, brought this action against, CT Page 8623 inter alia, the volunteer members of Newtown's Board of Managers. The plaintiff alleges that he was conducting title searches in the town clerk's office in the Edmonton Town hall and, upon inquiring about the location of a rest room, was instructed to use a facility in the basement of the building. The plaintiff claims that he fell on the stairs to the basement and sustained severe and disabling injuries.
The plaintiff's second revised complaint contains 10 counts. The counts at issue in this motion to strike are three, four, five, six and that part of ten dealing with indemnification of the board of managers.[1]
Count three alleges negligence against the defendant members of the board of managers. Count four alleges negligence against the board of managers as an entity. Counts five and six allege nuisance against the board of managers as an entity. Count ten alleges Newtown's duty to indemnify individual members of the board of managers pursuant to General Statutes § 7-465.[2]
The defendants move to strike all the counts against the Board of Managers and its individual members on the grounds that any action against volunteers is barred by General Statutes § 52-557n (c). The defendants additionally assert that the town is under no obligation to indemnify the individual members of the board of managers because no cause of action exists against them. It is the defendants' position that § 52-557n (c) acts as a complete bar to any action against a volunteer.
The plaintiff argues that the defendants' motion is a speaking motion. This court agrees with the plaintiff. The defendants assertion that the board members are not employees "would require the court to look beyond the pleadings and is more appropriate for a motion for summary judgment. A speaking motin to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), reversed on other grounds, 236 Conn. 845, 675, A.2d 835 (1996). For purposes of resolving the issue presented, the court will treat the motion as if the complaint stated that the members are volunteers.
 Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint, . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorable to the plaintiff." CT Page 8624Faulkner v. United Technologies, Corp., 240 Conn. 576, 580, 639 A.2d 293
(1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
General Statutes § 52-557n (c) states: "Any person who serves as a member of any board, commission, committee or agency of a municipality and who is not compensated for such membership on a salary or prorated equivalent basis, shall not be personally liable for damage or injury occurring on or after October 1, 1992, resulting from any act, error or omission made in the exercise of such person's policy or decision-making responsibilities on such board, commission, committee or agency if such person was acting in good faith, and within the scope of such person's official functions and duties, and was not acting in violation of any state, municipal or professional code of ethics regulating the conduct of such person, or in violation of subsection (a) of section 9-369b or subsection (b) or (c) or section 1-206. The provisions of this section shall not apply if such damage or injury was caused by the reckless, wilful or wanton misconduct of such person."
There is no case law interpreting subsection c of § 52-557n. The legislative history provides some insight as to the purpose of the statute and how it is expected to apply. Representative Looney (96th), stated, "The bill . . . grants immunity from liability to uncompensated members of municipal boards, commissions, committees or agencies when exercising their policy or decision making responsibilities and it is something that has been requested because of the fear and concern that certain communities have expressed regarding encouraging volunteerism to serve on boards and commissions in a highly litigious atmosphere in which we now live." H.R. Proc., 1992 Sess., p. 5383-5384.
Rep. Looney stated that a finding of malicious or reckless behavior would trigger the provisions of 7-101a (b)[3], an indemnity provision which provides protection for the municipal employee from financial loss and expense. Further, Rep. Looney commented that if the officer or employee eventually had a judgment entered against him for such reckless conduct, the municipality will be reimbursed by the officer for expenses incurred in providing his defense. Rep. Radcliffe then expressed fear that in a situation where only the official is sued in both negligence and recklessness the town's attorney may not be the best person to represent him because a finding of recklessness on the part of the official would put him in an adverse relationship with the town's attorney. Rep. Radcliffe ended the discussion by stating, "[w]e do have an indemnity statute to which Rep. Looney referred earlier, and I would CT Page 8625 only hope in these circumstances, that the individual official would be protected in that event, rather than the town and the only way to do that would be for a town attorney to argue that if there is misconduct here, that misconduct involved negligence and not wilful or wanton misconduct."
In Senate discussions, Senator Jepsen summed up the bill's purpose stating, "[t]his bill grants immunity to unpaid members of municipal boards, commissions, agencies and committees, who in the good faith exercise their duties allotted to them, make mistakes and I think it will encourage people to serve on a volunteer basis on boards and commissions, a problem that is growing in many municipalities. I think this legislation is long overdue. It should be pointed out that this legislation does not exempt anybody from liability if they violate a professional code of conduct . . . It merely covers them for good faith mistakes in the exercise as a volunteer of their own discretion on a board or commission or committee." S. Proc., 1992 Sess., p. 1788. Further, Senator Jepsen stated, "All it simply does is to relieve liability for volunteer members of certain locally constituted boards and commissions so that they might act in good faith without fear of a lawsuit that might deter volunteerism at the local level." S. Proc., 1992 Sess., p. 3743.
Legislative Services Director for the Connecticut Conference and Municipalities, Jin Finley, was in support of the passing of the bill and stated, "Our view is that it should be a blanket protection, particularly when you use as a standard, the persons acting in good faith and within the scope of such persons official functions and duties, unless such a damage or injury caused by the reckless . . . or misconduct." Conn. Joint Standing Committee Hearings, Planning and Development, 1992 Sess., p. 90.
It appears from the legislative history of the act that this legislation is not a bar to a cause of action against a volunteer board member. It appears rather that the purpose of the legislation is to afford to volunteers the same indemnification protection that is afforded to municipal employees. This has absolutely nothing to do with barring a cause of action.
For the foregoing reasons, the defendants' motion to strike is denied.
GALLAGHER, J.