[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO STRIKE (DOCKET ENTRY No. 122)
On September 3, 1996, the plaintiff, City of Bridgeport, filed a nine count complaint in foreclosure of tax liens on nine separate parcels of property owned by the defendant, Bridgeport Jai Alai Associates. On October 24, 1996, the defendant filed a motion to strike counts one through five of the plaintiff's complaint on the ground that the plaintiff is not the holder of tax liens on the five parcels described in counts one through five. The defendant also filed a memorandum of law and an exhibit in support of its motion. The plaintiff filed a memorandum in opposition to the defendant's motion to strike on November 14, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.CT Page 4401Textile v. Brown Jacobcon Tillinghast Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
The defendant argues that the plaintiff is not the holder of tax liens on the five parcels described in counts one through five because the plaintiff and defendant entered into a "Payment in Lieu of Taxes Agreement." The defendant has submitted a copy of this agreement in support of its motion to strike. The plaintiff contends that the defendant's motion to strike is improper as it is a speaking motion to strike.
As the defendant acknowledges in its memorandum, the plaintiff has not alleged the existence of the agreement in its complaint, but only that it is the holder of tax liens on the parcels in question. "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doev. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); see alsoLiljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). The agreement the defendant relies on in its motion to strike is not part of the pleadings. Accordingly, the defendant's motion to strike counts one through five of the plaintiff's complaint is denied.
WEST, J.