[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants, Taurus Advisory Group, Inc. and Taurus Advisory Group, L.L.C., have filed a revised answer and special defenses. The defendants also filed a revised counterclaim against the plaintiff, Sector Management, Inc. The counterclaim sounds in breach of contract (count one), breach of the covenant of good faith and fair dealing (count two), negligent misrepresentation (count three), and a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count four).
The plaintiff moves to strike the defendants' revised answer, special defenses and, counterclaims in their entirety on the ground that "(i) the fourth counterclaim fails to state a claim upon which relief may be granted and (ii) each of the counterclaims are wrongly alleged to be brought by [the] defendant."[1]
The plaintiff, in its motion, states initially that it is moving to strike the defendants' answer, special defenses, and counterclaims. The plaintiff's memorandum, however, addresses only the latter. The plaintiff appears to be moving to strike all of the defendants counterclaims on the ground that the defendant Taurus, L.L.C. "has no authority to bring an action on behalf of the limited liability company." Additionally, the plaintiff is CT Page 43 moving to strike the fourth counterclaim on the ground that a previous court has stricken a similar CUTPA claim in a consolidated case. The court, therefore, will consider the plaintiff's pleading a motion to strike the counterclaims in their entirety, or in the alternative, a motion to strike the fourth count of the counterclaim.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985).
The sole argument made by the plaintiff regarding why the defendants' fourth counterclaim should be stricken is that the court (Lewis, J.) previously ruled in a case now consolidated with this one that "CUTPA does not apply to the internal business affairs and workings of partnerships, intracompany disputes among shareholders, disputes between officers and shareholders, or to participants in a joint venture." The plaintiff fails to explain the reasoning of that court. The plaintiff fails to cite to authority supporting the proposition that Judge Lewis' ruling is binding on the present action. And, the plaintiff fails to provide any legal analysis of its own. Rather, the plaintiff attaches that court's memorandum of decision as evidence of its claim.
The sole argument raised by the plaintiff regarding why the court should strike the counterclaims entirely is that Judge Lewis once ruled, in response to a motion to dismiss in the consolidated case, that "Taurus, Inc. could not bring [an] action in the name of, Taurus, L.L.C." Again, the plaintiff fails to explain the reasoning of that court. The plaintiff fails to cite to authority supporting the proposition that Judge Lewis' ruling is binding on the present action. And, the plaintiff fails to provide any legal analysis of its own. Rather, the plaintiff attaches Judge Lewis' memorandum of decision as evidence of its claim.
"In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." Faulkner v. UnitedTechnologies, Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleading] and cannot be aided by the assumption of any facts not therein alleged." (Citation omitted; internal quotation marks omitted.) LiljedahlCT Page 44Bros., Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996); see also Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86, 449 A.2d 986 (1982).
The plaintiff's sole argument in support of its motion, in the present case, is the fact that another court made a certain ruling in a separate consolidated action. The plaintiff makes no legal arguments whatsoever. In short, the plaintiff improperly asks this court to impart facts outside the scope of the defendants' counterclaim.
The court does not reach the issue of whether the defendants' counterclaims are legally sufficient. "A trial court in passing upon a motion to strike should not consider grounds other than those specified." Meredith v. Police Commissioner, 182 Conn. 138,141, 438 A.2d 27 (1980). The grounds for the present motion are improper. Therefore, the motion to strike must be denied.
So ordered.
D'ANDREA, J.