[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE
This action was commenced by the plaintiff, Monica Beach, against the defendants/apportionment plaintiffs, Joseph I. Lieberman and Harold F. Bernstein. The plaintiff alleges that she slipped and fell on a set of stairs which had an unsecured railing. The subject stairs are located on property owned by the estate of Bernard Manger. The defendants/apportionment plaintiffs are the co-executors of the estate.
The apportionment plaintiffs have filed a revised single count apportionment complaint against the apportionment defendant, Guiseppe Botzanella, sounding in negligence. Specifically, the apportionment plaintiffs allege that "[p]rior to the time of the plaintiff's alleged accident, the railing of which she complains had been detached by" the apportionment defendant. And, "[i]f the plaintiff was injured as she alleges, such injuries were proximately caused by the negligent acts or omissions of [the apportionment defendant], particularly in detaching the subject railing."
The plaintiff has filed a motion to strike the revised apportionment complaint on the ground that "the defendants are not entitled to apportion liability for the plaintiff's injuries and losses . . . [because] a landlord cannot delegate his or her duty to maintain and repair common approaches to a multi-family dwelling when such approaches are retained in the landlord's control."
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [apportionment complaint] construed in favor of the [apportionment plaintiffs], to determine whether the [apportionment plaintiffs] have stated a legally sufficient cause of action." Napoletano v. CignaHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, __ U.S. __, 117 S.Ct. 1106, 137 L.Ed.2d CT Page 4489 308 (1997).
The plaintiff argues, in essence, that the apportionment complaint should be stricken because there exists a nondelegable duty on landlords to keep common areas reasonably safe for the use of tenants. The court cannot reach the merits of this argument.
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleading] and cannot be aided by the assumption of any facts not therein alleged." (Citation omitted; internal quotation marks omitted.) LiliedahlBros., Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The court is limited "to a consideration of the facts alleged in the [subject pleading]. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doev. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996); see alsoCavallo v. Derby Savings Bank, 188 Conn. 281, 285-86,449 A.2d 986 (1982).
In the present case, the defendants, in their apportionment complaint, do not allege that they were the landlords of the subject property. The defendants allege that "[t]he plaintiff alleges that the defendants' decedent owned the premises. . . ." This allegation is not an allegation that the apportionment plaintiffs were the landlords of the demised premises. Admitting as true the facts pleaded by the apportionment plaintiffs tells this court merely that the plaintiff has alleged that the defendants' decedent owned the premises. This is a very different allegation than one which states that the defendants' decedent, or the executors of the estate, were in fact the plaintiff's landlord.[1]
The plaintiff asks the court to impart important facts not found in the apportionment complaint. The challenges raised by the plaintiff might be subject to a motion for summary judgment. The apportionment complaint, however, is legally sufficient as pleaded. The plaintiff's motion to strike the apportionment complaint, therefore, is denied.
So Ordered.
D'ANDREA, J. CT Page 4490