[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The defendants, Thomas Fiandra, David Beylouni and Raymond Beylouni, ("defendants") have moved to strike plaintiff's amended complaint on the grounds that (a) counts one through six are untimely and also fail to state a claim upon which relief can be granted because individuals are not "employers" under Conn. Gen. Stat. § 46a-60; (b) counts seven through nine and nineteen through twenty-four fail to state a claim upon which relief can be granted; (c) counts sixteen through eighteen are barred by the exclusivity provision of the Workers Compensation Act; (d) counts twenty-five through twenty-seven are barred by the applicable statute of limitations; and (e) counts seven through thirty-three fail to state a claim upon which relief can be granted because the plaintiff has not alleged the individual defendants were acting outside the scope of their authority.
 I FACTS
The plaintiff was a former employee of Colonial Automobile Corporation ("Colonial"). Also named as defendants are Thomas Fiandra, Colonial's service manager, David Beylouni, Colonial's executive vice president and Raymond Beylouni, its general manager. The action has been withdrawn as to Colonial. The plaintiff alleges that he was discharged in May, 1994, and that he filed an action with the Commission on Human Rights and Opportunities ("CHRO") on August 17, 1994, and obtained a release to sue on October 4, 1996.
 II DISCUSSION A Counts One Through Six
Counts one through six are brought pursuant to Connecticut CT Page 8821 General Statutes § 46a-100, alleging age discrimination and discriminatory practices under Connecticut General Statutes §46a-60 (a)(1)and § 46a-60 (a)(4), respectively.
While a motion to strike is normally an improper vehicle to raise a statute of limitations defense, where the complaint sets forth all the facts pertinent to the question of whether the action is barred by the statute of limitations it may be raised by a motion to strike instead of by an answer. Forbes v. Ballaro,31 Conn. App. 235 (1993).
In this case, the complaint adequately sets forth the facts necessary to make a determination regarding the statute of limitations defense. Connecticut Gen. Stat. § 46a-102 does provide that civil actions shall be brought within two years of the filing of the complaint with the CHRO. However, Conn. Gen. Stat. 46a-82b clearly excepts from the statute of limitations any complaint brought prior to January 1, 1996, over which the CHRO had jurisdiction and failed to make a determination of reasonable cause within the statutory time limit required of the commission. Section 46a-82b (b) specifically states that once the release is issued, "the complainant may bring a civil action. the statute of limitations pursuant to section 46a-102."
In this case the CHRO complaint was filed prior to January 1, 1996. Although this action was brought more than two years after it was filed with the CHRO, there was no determination of reasonable cause issued by the CHRO prior to plaintiff being granted a release to sue on October 4, 1996. Accordingly, this action is still viable under Connecticut General Statutes §46a-82b. The motion to strike counts one through six on statute of limitations grounds is denied.
Defendants also move to strike counts one through six on the additional ground that the individual defendants are not "employers" as set forth in Conn. Gen. Stat. § 46a-60. With regard to counts one through three against Fiandra and David and Raymond Beylouni individually, the motion to strike is granted because there is no liability for supervisory personnel under Connecticut General Statutes § 46a-60 (a)(1). Nwachukwu v.Dept. of Labor, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 573595 (December 15, 1997, Rittenband, J.).
Connecticut Gen. Stat. § 46a-60 (a)(1) specifically CT Page 8822 provides that it is a discriminatory practice "(1) For an employer, by himself or his agent to discriminate against him [any individual employee] in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status . . .."
Connecticut General Statutes § 46a-51 (10) further provides as follows, "`Employer' includes the state and all political subdivisions thereof and means any person or employer with three or more persons in his employ." This language makes clear that the individual defendants are not employers as defined under the statute. Accordingly, plaintiff has failed to state a claim upon which relief can be granted in counts one through three and they will be stricken.
However, with regard to counts four through six, which sound in retaliation, § 46a-60 (a)(4) provides that it shall be an illegal practice "For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding . . .." Accordingly, the legislature has made a distinction regarding liability for discrimination as set forth in Conn. Gen. Stat. § 46a-60
(a)(1) and § 46a-60 (a)(4). In § 46a-60 (a)(4), the legislature specifically included the term "person." Pursuant to Conn. Gen. Stat. § 46a-51, "person" means "one or more" individuals . . .." Based on this plain language, the court finds that the defendants Fiandra and the Beylounis, can be held individually liable under § 46a-60 (a)(4). Accordingly, the motion to strike is denied on counts four through six.
 B Counts Seven, Eight, Nine, Nineteen Through Twenty Four
Defendants move to strike counts seven through nine on the grounds that they fall to state a claim upon which relief may be granted. The role of the trial court in ruling on a motion to strike is to "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. CIGNAHealth Care of Connecticut Inc., 238 Conn. 216, 232-33 (1996). For the purpose of a motion to strike the moving party admits all facts well pleaded. RK Constructors, Inc. v. Fusco Corp., CT Page 8823231 Conn. 383 (1994). Based on the allegations in the complaint, the court finds counts seven, eight and nine do state a viable claim under Connecticut General Statutes § 46a-60 (a)(5). Accordingly, the motion to strike counts seven, eight and nine are denied.
With regard to counts nineteen through twenty-one, which sound in malice and counts twenty-two through twenty-four, which allege pattern and practice, the plaintiff has failed to assert causes of action recognized under Connecticut law. Accordingly, the motion to strike these counts is granted.
 C Counts Sixteen, Seventeen and Eighteen
Defendants move to strike counts sixteen, seventeen and eighteen on the grounds that a claim for negligent infliction of emotional distress is barred by the Workers Compensation Act ("Act").
Connecticut General Statutes § 31-275 (16)(b)(iii) excludes from the Act "mental or emotional impairment which results from a personnel action, including, but not limited to, a transfer, promotion, demotion or termination." The causes of action plead in counts sixteen, seventeen and eighteen allege mental impairment relating to a personnel action and, therefore, are not barred by the Act. Defendants' motion to strike counts sixteen, seventeen and eighteen is denied.
 D Counts Twenty-five Through Twenty-Seven
Defendants move to strike counts twenty-five through twenty-seven on the grounds that the counts sound in retaliation and no administrative action for retaliation was brought by the plaintiff.
The court is limited to a "consideration of the facts alleged in the complaint. A speaking motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v.Marselle, 38 Conn. App. 360, 364 (1995), reversed on other grounds, 236 Conn. 845 (1996). CT Page 8824
The plaintiff alleges in paragraph fifty-one of the amended complaint that he filed an action with the CHRO and that he was granted a release of jurisdiction. The complaint is silent as to whether a retaliation claim was included in the administrative action. Because the legal grounds for the motion to strike are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendants must await the evidence which may be adduced at trial or discovery. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345 (1990). Accordingly, the motion to strike counts twenty-five through twenty-seven is denied.
 E Counts Seven Through Thirty-three
Finally, defendants allege that the remaining counts seven through thirty-three should be stricken on the ground that the plaintiff has failed to claim that the defendants were acting as individuals outside the scope of their employment.
Contrary to defendants' argument, each count specifically makes this allegation. Accordingly, the motion to strike counts seven through thirty-three on these grounds is denied.
 III CONCLUSION
For all the foregoing reasons, the motion to strike counts one through three and nineteen through twenty-four is granted. The motion is denied with regard to the remaining counts.
Rogers, J.