[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
The defendant, City of New Haven (New Haven) filed a motion to strike Cohn Son, Inc.'s (Cohn) complaint on September 16, 1998. Cohn filed a three count complaint against New Haven on August 7, 1998, alleging that New Haven breached a contract between the parties; that New Haven was unjustly enriched at Cohn's expense; and that New Haven breached the covenant of good faith and fair dealing.
The complaint alleges the following facts. In February, 1996, New Haven advertised for bids to be awarded for certain trade contracts for the construction of a high school in New Haven Complaint, First Count, ¶ 3. Cohn submitted a bid for the flooring work to New Haven, and New Haven notified Cohn that it was the successful bidder in May, 1996. Complaint, First Count, ¶ 4. The agreement between Cohn and New Haven was executed in February, 1997. Complaint, First Count, ¶ 6. Cohn was to begin CT Page 2975 the flooring work in February, 1997, and was to complete the work in May, 1997. Complaint, First Count, ¶ 7.
Cohn alleges that due to the delays and disruptions caused by "New Haven's failure to properly administer the contract . . . [and] failure to oversee and coordinate trade contractors . . .", Cohn incurred damages. Complaint, First Count, ¶ 16. Cohn also alleges that New Haven was unjustly enriched and that New Haven breached the covenant of good faith and fair dealing as a result of ts actions.
Pursuant to Practice Book § 10-39, New Haven moved to strike the complaint on September 16, 1998, on the grounds that the complaint failed to state a cause of action. Cohn filed a memorandum in opposition to the motion to strike on October 6, 1998.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997); see Practice Book § 10-39. "In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint." LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
"A speaking motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996); see Connecticut State Oil Co. v.Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, supra, 215 Conn. 348.
In New Haven's memorandum in support of its motion to strike, New Haven refers to a "Schedule of Construction", "bid specifications"; an Addendum 18, which contained a "no damages for delay" clause; and New Haven alleges that Cohn "was entitled to make a claim for additional time through the specific format CT Page 2976 set up under the contract." None of New Haven's references are supported by facts found in Cohn's complaint. New Haven's motion to strike is a "speaking motion"
New Haven maintains that Cohn did not include certain provisions of the contract between the parties in Cohn's complaint. If Cohn deliberately omitted parts of its contract with New Haven in order to prevent a motion to strike, this scenario would present a factual issue, not a legal one. A motion to strike is not the proper vehicle for contesting factual issues. See, e.g., Canzolino v. United Technologies Corp. , Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 048696 (March 31, 1998, Corradino, J.) (21 Conn. L. Rptr. 587).
Therefore, the motion to strike is denied.
Beach, J.