[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
The defendant, City of New Haven (New Haven) filed a motion to strike Ed-Mor Electric Company's (Ed-Mor) complaint on September 1, 1998. Ed-Mor filed a three-count complaint against New Haven on July 14, 1998, alleging that New Haven breached a contract between the parties; that New Haven was unjustly enriched at Ed-Mor's expense, and that New Haven breached the covenant of good faith and fair dealing.
The complaint alleges the following facts. In June, 1996, New Haven advertised for bids to be awarded for certain trade contracts for the construction of a high school in New Haven. Complaint, First Count, ¶ 3. Ed-Mor submitted a bid for the electrical work to New Haven, and New Haven notified Ed-Mor that CT Page 2977 it was the successful bidder in July, 1996. Complaint, First Count, ¶ 4. The agreement between Ed-Mor and New Haven was executed in December, 1996. Complaint, First Count, ¶ 6. Ed-Mor was to begin the electrical work in July. 1996, and to complete the work in March, 1997. Complaint, First Count, ¶ 7.
Ed-Mor alleges that due to the delays and disruptions caused by "New Haven's failure to properly administer the contract . . . [and] failure to oversee and coordinate trade contractors . . .", Ed-Mor incurred damages. Complaint, First Count, ¶ 18. Ed-Mor also alleges that New Haven was unjustly enriched and that New Haven breached the covenant of good faith and fair dealing as a result of its actions.
Pursuant to Practice Book § 10-39, New Haven moved to strike the complaint on September 1, 1998, on the grounds that the complaint failed to state a cause of action. Ed-Mor filed a memorandum in opposition to the motion to strike on September 21, 1998.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997); see Practice Book § 10-39. "In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint." Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
"A speaking motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996); see Connecticut State Oil Co. v.Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, supra,215 Conn. 348.
In New Haven's memorandum in support of its motion to strike, New Haven refers to a "Schedule of Construction", "bid CT Page 2978 specifications"; an "Addendum 18", which contained a "no damages for delay" clause, and New Haven alleges that Ed-Mor "was entitled to make a claim for additional time through the specific format set up under the contract." None of New Haven's references are supported by facts found in Ed-Mor's complaint. New Haven's motion to strike is a "speaking motion."
New Haven maintains that Ed-Mor did not include certain provisions of the contract between the parties in Ed-Mor's complaint. If Ed-Mor deliberately omitted parts of its contract with New Haven in order to prevent a motion to strike, this scenario would present a factual issue, not a legal one. A motion to strike is not the proper vehicle for contesting factual issues. See, e.g., Canzolino v. United Technologies Corp. , Superior Court, judicial district of Ansonial/Milford at Milford, Docket No. 048696 (March 31, 1998, Corradino, J.) (21 Conn. L. Rptr. 587).
Therefore, New Haven's motion to strike is denied.
Beach, J.