[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, James Ragan, executed a mortgage note to the plaintiff, Claudia Funding Corporation (Claudia) on September 5, 1997 for $216,000. The mortgaged property is located at 630 Colonial Road in Guilford, Connecticut. Claudia alleges that "the note is in default due to, . . . the failure of Regan to make payments as required, and . . . because it was not paid on its maturity date of June 5, 1998 as required. . . . (Complaint, paragraph 5). Ragan filed an answer and special defenses on February 4, 1999, in which he pleaded that the mortgage transaction was a consumer credit transaction, and therefore, he could rescind the mortgage pursuant to 15 U.S.C. § 1635
et seq. the Federal Truth-In-lending Act (TILA) and General Statutes § 38a-683 et seq.
Claudia moves to strike Ragan's special defenses on the grounds that the transaction between the parties was a commercial, not a consumer transaction, and that Ragan has not sufficiently pleaded recission in his special defenses. Ragan argues that the transaction was a consumer credit transaction and that he pleaded recission properly under the federal and state statutes.
"The purpose of a motion to strike is to test the legal sufficiency of the allegations of any complaints to state a claim upon which relief can be granted." Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998)." The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action". Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
CT Page 5572 (1997); see Practice Book § 10-39.
"A speaking motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996); see Connecticut State Oil Co. v.Carbone 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleading, the defendant must await the evidence which may be addressed at trial, and the motion should be denied." Liljedahl Bros. Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). By attaching Ragan's affidavit, which was not part of Claudia's complaint, a "speaking motion to strike" was submitted.
In addition, Ragan takes issue with the characterization of the transaction between the parties as a "commercial transaction." Ragan maintains that the transaction is a "consumer credit transaction," and therefore, governed by TILA and its Connecticut equivalent, General Statutes § 36a-675 et seq.
The section of TILA that deals with recission states in pertinent part, "In the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom the credit is extended, the obligor shall have the right to rescind the transaction. . . . 15 U.S.C. § 1635(a). The obligor must provide written notice of recission to the creditor before the creditor returns any money or property to the obligor. 15 U.S.C. § 1635(b).
The Connecticut Truth-In-Lending Act states similar language in § 36a-683(j), but also adds an important provision. "[The`offset'] subsection does not bar a consumer then in default on the obligation from asserting a violation of said sections as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer. . . . (emphasis added.) § 36a-683(g).
This court has previously held that "equitable defenses are proper only when they attack the making, validity, or enforcement of the note or mortgage, rather than some act or procedure of the mortgagee." National Mortgage Co. v. McMahon, Superior Court, Judicial District of New Haven at New Haven, Docket No. 349246 (February 18, 1994 Celotto, J.). However that case and earlier CT Page 5573 cases adhering to the above rule do not address what defenses are available to those parties involved in consumer credit transactions, as opposed to commercial mortgagors.
Ragan asserted in his special defense that the mortgaged property is his "principal dwelling." Although the mortgage note stated that the loan in this case was a commercial transaction, Claudia did not plead in its complaint that Ragan uses the property for commercial purposes. Whether Claudia and Ragan entered into a consumer or commercial transaction is a factual issue that cannot be resolved on a motion to strike. See e.g.Maderos v. City of Shelton, Superior Court, Judicial District of Ansonia/Milford at Ansonia, Docket No. 058185 (October 7, 1998, Thompson, J.).
Ragan can assert the Connecticut Truth-In-Lending Act as a special defense to Claudia's complaint because the statement authorizes such use. Very similar to the present case is IMCMortgage Co. v. Zaglool, Superior Court Judicial District of Hartford — New Britain at Hartford, Docket No. 580288 (October 21, 1998, Freed, J.). That court stated, "General Statutes § 36a-683(h) embodies the Connecticut version of the Federal Truth-In-Lending Act (§ 36-393) et seq.) This section, in pertinent part specifically permits (does not bar) a consumer then in default on the obligation from asserting a violation of said sections . . . as a defense or counterclaim to an action to collect amounts owed by the consumer brought by persons under said sections." Id.
In G.E. Capital Mortgage v. Klett, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 552540 (February 21, 1996, Satter, S.T.R.). The court held, "[t]he Fifth Special Defense alleges the plaintiff violated the federal . . . and the state . . . Truth-In-Lending Acts by failing to give the defendants notice of the right to rescind within three business days. General Statutes § 36a-683(h) permits a consumer then in default on an obligation to assert a violation of the federal and state truth-in-lending laws, including failure to allow a right of recission . . ., as a defense in an action to collect amounts owed by the consumer. Since, . . . special defenses relating to both the foreclosure and deficiency judgments may be alleged, the motion to strike the Fifth Special Defense is denied." G.E.Capital Mortgage v. Klett, supra, Superior Court, Docket No. 552540. CT Page 5574
Claudia cites People's Bank v. Bray, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 124211 (October 7, 1994, Lewis, J.) in support of its motion to strike the special defenses. However, there was no question that the defendants in that case were commercial debtors. "Since the loan in issue constituted a line of credit [for the defendants' company], the court agrees with the plaintiff that TILA does not apply to the commercial loan transaction involved in this case. Moreover, the note includes an acknowledgment that the transaction in question is a commercial transaction. Thus, this special defense is stricken." (Internal Quotation marks omitted.)People's Bank v. Bray, supra, Superior Court, Docket No. 124211.
Ragan alleged in his special defenses that he entered into a consumer credit transaction with Claudia, and that he sent Claudia a notice of recission based on various violations of TILA and the state statute.
Claudia's motion to strike Ragan's defenses is denied because Claudia filed a "speaking motion to strike" and Ragan pleaded recission under TILA and the Connecticut Truth-In-Lending Act properly.
Donald W. Celotto Judge Trial Referee