[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiff, Jacqueline Gray ("Gray"), has brought a six count complaint seeking damages for injuries she allegedly sustained when she slipped and fell on a wet floor at the Timothy Dwight School in New Haven. The First Count alleges negligence against the head custodian of the school and the Second Count alleges liability of the City of New Haven and New Haven Board of Education pursuant to the indemnification provisions of General Statutes § 7-465. Neither of these counts is affected by the present motion.
The Third Count alleges negligent supervision of the custodians by the school principal and the Fourth Count alleges liability of the City and Board of Education pursuant to § 7-465. The Fifth Count alleges negligent supervision of the custodians by the Superintendent of Schools and the Sixth Count likewise alleges liability of the City and Board of Education pursuant to § 7-465. The defendants named in these counts have moved to strike asserting that, as a matter of law, the claims are barred by the doctrine of governmental immunity. For the reasons set forth below, the motion to strike is denied.
 STANDARD OF REVIEW
The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike. Practice Book § 10-39;Gulack v. Gulack, 30 Conn. App. 305, 309 (1993). In ruling on a motion to strike, the court is limited to a consideration of the facts alleged in the complain — a "speaking" motion to strike will not be granted. Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd. on other grounds, 236 Conn. 845 (1996); see alsoCavallo v. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). Where the legal grounds for a motion to strike are dependent on facts not alleged in plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990).
For the purpose of a motion to strike, the moving party admits all facts well pleaded. RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2 (1994). Moreover, the court must construe the facts in the complaint most favorably to the plaintiff. Faulknerv. United Technologies, 240 Conn. 576, 580 (1997).
The role of the trial court in ruling on a motion to strike is CT Page 3822 to examine the complaint construed in favor of the plaintiff to determine whether the plaintiff has stated a legally sufficient cause of action. Napoletano v. Cigna Healthcare of Connecticut,Inc., 238 Conn. 216, 232-33 (1996).
 DISCUSSION
The defendants argue that the duty to supervise the custodians at Timothy Dwight School was discretionary and therefore the general rule of governmental immunity applies to their actions. Gray argues that the duty was ministerial and therefore outside the governmental immunity bar. In the alternative, Gray argues that even if the duty is discretionary, she falls within the imminent harm to an identifiable person exception. See Evon v.Andrews, 211 Conn. 501, 505 (1989).
"A municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act . . . the word `ministerial' refers to a duty which is to be performed in a prescribed manner, without the exercise of judgment or discretion." Evon v. Andrews, supra 211 Conn. 505.
Considerations as to how to supervise employees are discretionary decisions. Accordingly, the court finds the defendants' alleged duty to supervise the custodians at the school to be a discretionary duty.
The application of the governmental immunity doctrine to bar Gray's complaint, turns on whether she has adequately pleaded an exception to a municipal employee's qualified immunity for discretionary acts. The exception applicable here allows an action where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. Burns v. Board ofEducation, 228 Conn. 640, 645 (1994).
Burns found the imminent harm/identifiable person exception applicable to a student who slipped and fell on a patch of ice in a school courtyard. In Burns, the plaintiff brought suit against the superintendent of schools, the Board of Education and the City of Stamford. Construing Gray's complaint in her favor, it cannot be said, as a matter of law, that a parent who enters a school to pick up her child and slips and falls on a slippery wet floor would not likewise meet the exception. On the present CT Page 3823 record, in light of the holding in Burns, the motion to strike must be denied.
For the reasons set forth above, the defendants' motion to strike counts three, four, five and six is denied.
So Ordered, at New Haven, Connecticut this 27th day of March, 2000.
Devlin, J.