[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: AMENDED MOTION TO STRIKE (#111)
The plaintiffs have brought Town of Branford ("Town") seeking damages arising from the breach of an alleged agreement to exchange two parcels of land so as to facilitate the development of a public golf course. The plaintiffs' complaint is in three counts: breach of express contract, breach of implied contract, and promissory estoppel. The Town has moved to strike the entire complaint asserting that the allegations in each of the three counts is legally insufficient to state a cause of action. For the reasons set forth below, the motion to strike is denied.
BACKGROUND
In the first count of their complaint, the plaintiffs allege the following in support of the claim of breach of express contract:
 In July 1995, the plaintiffs both owned and had a contract to acquire land in Branford, Connecticut. The Town, acting through its Board of Selectmen, entered into an agreement with the plaintiffs which provided that the Town would transfer 38.5 acres of Town-owned land to the plaintiffs in exchange for the plaintiffs transferring 31.8 acres to the Town. At the time of the agreement, the Branford Town Code authorized the Board of Selectmen to approve exchanges of Town-owned land without the approval of the Representative Town Meeting (RTM).
To ratify and implement the agreement, the Board of Selectmen on July 12, 1995, passed a resolution approving the land exchange. This CT Page 5480 constituted an acceptance of the proposed agreement resulting in the formation of a contract. In reliance on the agreement, the plaintiffs expended money to meet the conditions of the agreement that were to be completed before the transfer of title to the land.
On or about March 12, 1997, the RTM amended the Town Code so as to require the approval of both the Board of Selectmen and RTM for any sale or transfer of Town land. This amendment was not retroactive. Thereafter, the First Selectman wrote to the plaintiffs stating that the Town would not proceed under the July 12, 1995 agreement without RTM approval and further that the Town would not consent and join an application to the Inland Wetlands Commission.
By these actions, the Town breached the July 12, 1995 contract as well as the implied covenant of good faith and fair dealing inherent in the contract. As a result of the breach, the plaintiffs sustained damages.
The plaintiffs essentially alleged the same facts in support of their cause of action for breach of implied contract alleged in the second count. Specifically, that the July 12, 1995 resolution of the Board of Selectmen approving the land exchange was relied upon by the plaintiffs and that the resolution and other actions of the Town created an implied contract to allow and assist the plaintiffs to obtain the necessary approvals that were conditions for the exchange of land. This implied contract was breached when the Town would not sign or consent to the Inland Wetlands application.
These same facts are alleged in the third count seeking equitable relief based on promissory estoppel.
 DISCUSSION
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Peter-Michael, Inc. v. Sea ShellAssociates, 224 Conn. 269, [244 Conn. 269], 270 (1998). In reviewing a motion to strike, the court is limited to the facts alleged in the complaint. A "speaking" motion to strike (one imparting facts outside the pleadings) will not be granted. Doe v. Marselle,38 Conn. App. 360, 364 (1995), rev'd on other grounds, 236 Conn. 845
(1996). Where the legal grounds for a motion to strike are dependent upon underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990). CT Page 5481
For the purpose of a motion to strike, the moving party admits all facts well pleaded. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2 (1994). Moreover, the court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v.United Technologies Corp., 240 Conn. 576, 580 (1997). The role of the trial court in ruling on a motion to strike is to examine the complaint, construed in favor of the plaintiff, to determine whether the plaintiff has stated a legally sufficient cause of action.Napoletano v. Cigna Healthcare of Connecticut, 238 Conn. 216, 232-33 (1996).
Applying the above standards to the present motion, the Town's claims are not sufficient to warrant striking the complaint.
The Town claims that the resolution of July 12, 1995 was not a contract because it was not definite enough in its terms. The complaint alleges that there was an agreement between the parties and that the resolution was passed to ratify and implement the agreement. This is an adequate allegation of an express contract. See StateLibrary v. Freedom of Information Commission, 50 Conn. App. 491, 499 (1998).
The Town also asserts that the conditions in the resolution undermine the existence of a contract and that even if a contract did exist, an allegation as to the plaintiffs satisfaction of the conditions is necessary to support a cause of action for breach of contract. Whether these conditions were fulfilled presents a question of fact that is beyond a motion to strike. While such conditions do affect the obligation of the respective parties to perform, they do not negate the existence of the contract itself. Bialeck v. Hartford,135 Conn. 551, 556 (1949).
The Town's further allegations as to the first count — insufficient allegations as to anticipatory breach, insufficient allegation of an unequivocal failure to perform, insufficient allegation of the plaintiffs' acceptance of anticipatory breach, insufficient allegation of frustration of purpose and insufficient allegation as to breach of covenant of good faith and fair dealing — are clearly fact-bound issues beyond the proper scope of a motion to strike.
The Town claims that the second count (breach of implied contract) suffers from the same legal defects as the first count. Again, as stated above, when construed in favor of the plaintiff, the court finds the second count to be legally sufficient.
The Town asserts that the promissory estoppel claim in the third count is insufficient due to the plaintiffs' failure to allege a CT Page 5482 change in position in reliance on the Town's conduct. Paragraph 11 of the first count (which is incorporated into the third count) adequately alleges such reliance.
In sum, the plaintiffs' complaint adequately alleges breach of express contract, breach of implied contract and promissory estoppel. The Town's claims, in effect, attack the factual assertions made by the plaintiffs and the adequacy of the proof to support the allegations. Resolution of these matters must await trial. For the reasons set forth above, the motion to strike is denied.
So Ordered at New Haven, Connecticut this 3rd day of May, 2000.
Devlin, J.