[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this quiet title and trespass action, the defendants move to strike the complaint in its entirety on the ground of absence of necessary parties, citing General Statutes § 49-31. The plaintiff objects, citing Swenson v. Dittner, 183 Conn. 289, 292 (1981) for the proposition that, "the decision to join a party in a suit to quiet title is made by the plaintiff." Under the well established procedural rules, the motion must be denied.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 10-39. "Like the demurrer it admits all facts well pleaded."Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Covallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LilijedahlBros., Inc. v. Grigsbv, 215 Conn. 345, 348 (1990).
Because the defendants rely on facts outside the pleadings in their motion, the motion must be denied.
ALEXANDRA D. DiPENTIMA, J.