[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action seeking damages arising out of the defendants' denial of an uninsured motorist insurance claim, the defendant, The Travelers Insurance Co.[1] moves to strike count four, count sixteen and paragraph four of the prayer for relief of the fourth amended complaint dated December 18, 2000. The defendant argues that the allegations in each are legally insufficient to support a claim under Connecticut Unfair Trade Practices Act (CUTPA) and Connecticut Unfair Insurance Practices Act (CUIPA).
The fourth amended complaint alleges that the defendants issued an automobile policy to the plaintiff John Lawlor to cover a 1989 truck registered and/or principally garaged or located in New York and a 1993 truck registered and/or principally garaged or located in Connecticut for the period July 6, 1997 to January 6, 1998. On December 9, 1997, the defendants issued an amendment effective November 11, 1997, to add a 1997 Chrysler registered and/or principally garaged and located in Connecticut. The policy had single limit liability coverage of $300,000 and uninsured/underinsured motorist coverage of $100,000 per person and $100,000 per accident.
The plaintiffs further allege that the plaintiff John Lawlor received automobile insurance identification cards in compliance with General Statutes § 14-12b. At that time, General Statutes § 38a-336(a)(2) mandated that the uninsured/underinsured motorist coverage for vehicles registered and/or principally garaged in Connecticut be $300,000 single limit, that is equal to the liability coverage, unless the plaintiff signed a waiver for a lower limit. The plaintiff signed no such waiver. The statute also required that the policy contain a written consent form containing an explanation of uninsured and underinsured motorist insurance, a list of coverage options and the premium costs for each coverage option. The defendant Travelers admitted to providing $100,000 per person and $100,000 per accident uninsured/underinsured coverage. The defendant Travelers did not comply with the statutory mandates of General Statutes § 38a-336(a)(1) and (2).
The amended complaint further alleges that the plaintiff John Lawlor was involved in an automobile accident on December 20, 1997, in CT Page 7386 Waterbury, Connecticut and suffered serious permanent injuries. The accident was caused by the negligence of the driver of an uninsured motor vehicle. The defendant Travelers has failed to pay the plaintiffs in accordance with Connecticut statutes and its insurance contract.
The foregoing allegations are part of Count 4 which further alleges that the defendant Travelers violated General Statutes § 42-110b et seq., by violating General Statutes § 38a-816(1) as follows:
 a. failing to follow the mandates of the law set forth in C.G.S. § 38a-336(a)(1) and did not provide uninsured/underinsured motorist coverage with limits that are twice the limits of the bodily injury coverage of the policy issued to the named insured;
 b. failing to follow the mandates of the law set forth in C.G.S. § 38a-336(a)(2);
 1. and did not provide uninsured and underinsured motorist coverage with limits for bodily injury or death equal to those purchased to protect against loss resulting from the liability imposed by law unless the insured requests in writing a lesser amount;
 2. failed to give an explanation of uninsured motorist insurance provided by the commissioner;
 3. failed to provide a written list of uninsured and underinsured motorist coverage options available from Travelers; including the option to purchase $600,000.00 single limit;
 4. failed to provide the premium cost for each of the coverage options available from Travelers;
 5. failed to provided an informed consent written form in twelve-point type with wording mandated by said statute.
c. In that Travelers violated C.G.S. § 38a-816(1) by representing the amount of the uninsured/underinsured motorist coverage to be $100,000.00 per person/$100,000.00 per accident, whereas by statute the coverage was much higher than that; CT Page 7387
 d. In that Travelers violated C.G.S. § 38a-816(1) by misrepresenting that the two vehicles registered and principally garaged in Connecticut had only $100,000.00/$100,000.00 uninsured/underinsured motorist coverage which was an amount lower than required by C.G.S. § 38a-336(a)(1) and (2).
(Fourth Amended Complaint dated 12/18/00 at 16-18.)
The plaintiffs further allege in Count 4,
 22. Said conduct constitutes deceptive acts and/or practices in the conduct of business of insurance and is therefore an unfair trade practice prohibited by C.G.S. § 42-110b et seq. and has resulted in the Plaintiff sustaining an ascertainable loss, injuries and damages.
Id., 18.
Count 16 incorporates the allegations of Count 4 and seeks loss of consortium damages for the plaintiff Helen Lawlor. The prayer for relief associated with this count, paragraph four, seeks damages under General Statutes § 42-110b et seq, § 42-110g, § 38-816(1) and (15), § 38a-816 (6)(a)(d)(n) and § 38a-336(a)(1) and (2).
A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 10-39. "Like the demurrer it admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Faulkner v. United Technologies Corp.,240 Conn. 576, 580 (1997). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LiljedahlBrothers, Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
"Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated CT Page 7388 in the pleadings." (Internal quotation marks omitted.) Emerick v. Kuhn,52 Conn. App. 724, 739, cert. denied, 249 Conn. 929, cert. denied,528 U.S. 1005, 120 S.Ct. 500, 145 L.Ed.2d 386 (1999).
The defendant argues that because the plaintiffs have failed to allege facts sufficient to support a claim under General Statutes §38a-816(1), their CUTPA/CUIPA claim, which is based upon § 38a-816(1), is legally insufficient. Section 38a-816(1) reads,
 The following are defined as unfair methods of competition and unfair deceptive acts or practices in the business of insurance:
 (1) Misrepresentations and false advertising of insurance policies. Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy; (b) misrepresents the dividends or share of the surplus to be received, on any insurance policy; (c) makes any false or misleading statements as to the dividends or share of surplus previously paid on any insurance policy; (d) is misleading or is a misrepresentation as to the financial condition of any person, or as to the legal reserve system upon which any life insurer operates; (e) uses any name or title of any insurance policy or class of insurance policies misrepresenting the true nature thereof, (f) is a misrepresentation for the purpose of inducing or tending to induce to the lapse, forfeiture, exchange, conversion or surrender of any insurance policy; (g) is a misrepresentation for the purpose of effecting a pledge or assignment of or effecting a loan against any insurance policy; or (h) misrepresents any insurance policy as being shares of stock.
The plaintiffs respond that by alleging violations of § 38a-336(a)(1) and (2) they have alleged misrepresentations that violate § 38a-816(1). Further, they claim that by presenting in the insurance contract coverage amounts that were not valid under Connecticut law the defendant misrepresented the terms of the insurance contract.
In Mead v. Burns, 199 Conn. 651, 663-66 (1986), the Supreme Court established that when a CUTPA claim is based on public policy governing CT Page 7389 insurance practices as set forth in CUIPA, it is the CUIPA allegation rather than the generalized CUTPA language that forms the basis of the plaintiff's allegations. Or, as Judge Barnett succinctly put it, "it is the CUIPA violation that is the equivalent of CUTPA's `cigarette rule'."Engelman v. CT General Life Ins. Co., Superior Court, judicial district of New Haven, Docket No. 337028, August 12, 1997, Barnett, J. (20 Conn.L.Rptr. 331).
The plaintiffs' allegations as to § 38a-336(a)(1) and (2) do not establish a violation of 38a-816(1). The violations of § 38a-336(a)(1) are not explicitly contained in § 38a-816(1) nor do they form the basis of a misrepresentation of the benefits, advantages, conditions or terms of the policy. The court also rejects the plaintiff's second claim that because the policy limits are not valid under the law the defendants have misrepresented the terms of the contract.
While the court must construe the facts stated in the complaint most favorably to the plaintiffs, it must grant the motion to strike if the facts alleged to do not support the conclusions of law alleged.Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215
(1992). Here, the conclusions of misrepresentations in violation of CUIPA are not supported by facts. The plaintiffs seek to have the court infer from the allegations that the defendant represented to the plaintiffs that the policy limits were in compliance with Connecticut law. That inference the court will not make. An explicit factual allegation is required.
For the foregoing reasons, the motion to strike counts 4 and 16 is granted. In light of this ruling, the court finds the damages sought under CUTPA and CUIPA cannot be legally awarded. Pamela B v. Ment,244 Conn. 296, 325 (1998). Accordingly, the motion to strike paragraph four of the prayer for relief is also granted.
DiPentima, J.