[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Steven Biro and Guzin Biro, originally commenced this CT Page 15475 lawsuit in 1987, against the defendant, Sidley Austin, a law firm with an office in New York City, for tortious interference with a partnership agreement between the plaintiffs and Thomas Hill,[1] for misappropriation and conversion of the partnership assets, and for interference with the plaintiffs' business expectations. On July 13, 1992, a judgment of nonsuit was entered against the plaintiffs for failure to comply with discovery deadlines, and the action was dismissed. The judgment of nonsuit was affirmed by the Supreme Court in 1994.[2] The plaintiffs filed a new complaint dated November 21, 1995, based on General Statutes § 52-592, the accidental failure of suit statute, which provides that if a judgment of nonsuit has been rendered, the plaintiff may commence a new action for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
The new complaint contained allegations in Count I that were not in the original complaint and an entirely new cause of action for breach of contract in Count II. For that reason, the defendant filed a motion to strike (#287; Sh. Cal. August 6, 2001), arguing that the new allegations could not be brought under General Statutes § 52-592. The plaintiffs filed a second request for leave to substitute an amended complaint (1996 amended complaint), which was identical to the operative complaint in the 1987 action and would therefore qualify under § 52-592. The court,Tobin, J, overruled an objection to the request for leave to amend the complaint because the 1996 amended complaint was identical to the operative complaint in the previous lawsuit.
The plaintiffs, relying again upon General Statutes § 52-592, filed another amended complaint on September 15, 2000, (2000 amended complaint), which is the subject of the present motion to strike.[3] In count seven, the plaintiffs allege a cause of action for estoppel and breach of oral contract. The defendant argues that count seven is barred by the statute of limitations and that the plaintiffs cannot rely upon § 52-592 to file a new cause of action because the new count includes an entirely new set of facts other than what was alleged in the 1996 amended complaint.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). When CT Page 15476 deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259, 765 A.2d 505 (2001).
The defendant moves to strike count seven of the 2000 amended complaint on the ground that count seven is barred by the statute of limitations and cannot be brought under General Statutes § 52-592 because the cause of action set forth in that count was not pleaded in the plaintiff's prior action. The defendant also moves to strike count seven on the ground that it is barred by General Statutes § 52-581, which provides that any action on an oral contract must be brought within three years after the right of action accrues.
The plaintiffs make a number of arguments in opposition to the defendant's motion to strike. First, the plaintiffs argue that a statute of limitations issue should not be raised on a motion to strike, but rather pleaded by special defense. Second, the plaintiffs argue that the present complaint alleges that the defendant agreed not to raise a statute of limitations defense, (2000 amended complaint, ¶ 20), which allegation, on a motion to strike, should be construed by the court in favor of the plaintiffs. Lastly, the plaintiffs argue that based onAlswanger v. Smego, 257 Conn. 58, 776 A.2d 444 (2001)' the new causes of action are not barred by the statute of limitations because they relate back to the set of facts in the original complaint.
The plaintiffs' first argument in opposition to the motion to strike is that a motion to strike is not the proper vehicle to address a statute of limitations issue. "A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. . . . In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when [t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted; internal quotation marks omitted.)Forbes v. Ballaro, 31 Conn. App. 235, 239-40, 624 A.2d 389 (1993).
The complaint does not set forth all of the facts pertinent to the CT Page 15477 question of whether the action is barred by the statute of limitations. Specifically, it is the defendant who argues that a comparison of the old and new amended complaints show a discrepancy in the facts with regard to count seven, and, therefore, the plaintiffs cannot rely upon General Statutes § 52-592 to file a new cause of action. To determine whether the action is barred by the statute of limitations, it is necessary to review the case law and prior procedural history of the case. A motion to strike that requires the court to look beyond the complaint is a "speaking motion to strike," and is not proper. As the Appellate Court noted: "We are limited . . . to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360,364, 660 A.2d 871, rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996). Furthermore, the second exception to the use of a motion to strike to raise a statute of limitations issue is not applicable to this case. Therefore, the plaintiffs' first argument in opposition to the motion to strike is well taken.
More importantly, in further opposition to the motion to strike, the plaintiffs argue that the new allegations in the amended complaint are not barred by the statute of limitations because they relate back to the original complaint. Both parties refer to Alswanger, supra, 257 Conn. 58, a medical malpractice case in which the original complaint alleged that the defendants failed to advise the plaintiffs of all the material risks of a surgical procedure. The amended complaint added an allegation that the defendants had failed to obtain the plaintiffs' informed consent to the participation of an "inexperienced resident" in the surgery. The Supreme Court affirmed a summary judgment granted in the defendants' favor, concluding that the informed consent allegations arose from "a different set of facts" from the negligence allegations relating to the disclosure of the risks of the proposed surgery to the plaintiff's right leg, and therefore were time barred because they did not relate back to the original complaint. Alswanger v. Smego, supra, 257 Conn. 68. The court explained the relation back doctrine: "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." (Internal quotation marks omitted.) Id., 65.
The court in Alswanger focused on two cases to illustrate the relation back doctrine and to articulate the general rule that, in determining what constitutes a new cause of action, the test is whether new evidence would have been required to prove the new allegation. The first case isSharp v. Mitchell, 209 Conn. 59, 546 A.2d 846 (1988), in which the plaintiffs, administrators of the decedents' estates, filed a wrongful CT Page 15478 death action based on negligent supervision. Id., 60. They amended their complaint to allege that the defendant had negligently designed and constructed the facility where the accident occurred. Id., 62. The court found that "[t]hese complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability . . . The defendants did not have fair notice of the claim of negligent construction and design of the underground storage area when the original complaint merely alleged that [the defendant] was negligent in ordering the employees to enter the area." Id., 73.
The second case the Alswanger court cites to is Gurliacci v. Mayer,218 Conn. 531, 590 A.2d 914 (1991). In that case, the plaintiff's first complaint alleged that the defendant had acted negligently in operating his vehicle while he was intoxicated. Id., 546. The amended complaint added the allegation that the defendant acted wilfully, wantonly and maliciously, or outside the scope of his employment. Id. There, the court found that the amended complaint related back to the original complaint, and that the defendant had adequate notice that a claim was being asserted against him arising out of the alleged motor vehicle accident. Id., 549.
The Alswanger court explained the distinction between Gurliacci v. Mayer, supra, 518 Conn. 531, and Sharp v. Mitchell, supra, 209 Conn. 59: "[T]he amendment in Sharp was significant because the defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim. . . . In Gurilacci, however, the amendment did not inject two different sets of circumstances and depend on different facts. . . ." (Citation omitted; internal quotation marks omitted.)Alswanger v. Smego, supra, 257 Conn. 66. Turning its attention to the amended complaint before it, the Alswanger court found that "[a]lthough the focus of the original complaint was on the informed consent as it related to the surgical procedure itself, the amended complaint shifted the focus to consent by the patient to the participation of the individuals involved in the surgery. For example, the amended complaint would have required evidence as to [the resident's] actual and specific role in the surgery, his experience, [and] whether the plaintiffs were informed of the role he would play. . . ." Id., 66. Therefore, because the amendment would have required different facts, evidence and witnesses to defend it, the court affirmed summary judgment in favor of the defendants.
In applying this test to the present facts, the plaintiffs' amended complaint sufficiently relates back to the original complaint and would not require the defendant to gather new evidence or witnesses to defend against it. The plaintiffs' new causes of action for estoppel and breach CT Page 15479 of oral contract stem directly from the set of facts alleged in the original complaint. There is nothing in the case law that requires that the two complaints mirror each other word for word, but only that the allegations relate back to the original complaint so as to give the defendant notice and allow it to defend against the new allegations without seeking new evidence or witnesses.
For the foregoing reasons, the motion to strike count seven of the amended complaint is hereby denied.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of November, 2001
William B. Lewis, Judge T.R.