[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants move to strike the second count of the complaint dated September 20, 2001, for failure to state a claim upon which relief may be granted. The defendants argue that the plaintiff cannot allege a viable claim under the Connecticut Unfair Trade Practices Act (CUTPA) because the allegations of unfair and improper conduct do not arise within a "trade or commerce," as set forth in General Statutes § 42-110a (4). The court agrees.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 10-39. "Like the demurrer it admits all facts well pleaded." (Emphasis in original) Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited "to a consideration of the facts alleged in the complaint. `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LilijedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
The Supreme Court has concluded that "the provision of medical services falls within CUTPA's definition of trade or commerce as "the distribution of any services . . .'" Fink v. Golenbeck, 238 Conn. 183, 213 (1996); see also Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34 (1997) ("Although physicians and other health care providers are subject to CUTPA, only the entrepreneurial or commercial aspects of the profession are covered").
In this revised complaint, the plaintiff alleges that the individual defendants, who are members of the active medical staff of the defendant hospital, "consistently and continuously treated Dr. O'Halloran differently than other similarly situated physicians in a concerted and calculated attempt to drive him off the Active Staff at CHH." The complaint then details various actions by these defendants:
5. Their actions have taken various forms including: CT Page 932
 a. Endeavoring to have his hospital privileges reduced and/or eliminated without regard for his right to due process under medical staff bylaws.
 b. Disclosing his confidential personal information to unauthorized person without his knowledge or permission.
 c. Interfering with the credentialing of Dr. O'Halloran's physician assistant.
 d. Discouraging other physicians from providing coverage to Dr. O'Halloran.
e. Encouraging CHH staff members to file complaints about him.
f. Disparaging him to CHH employees and medical staff members.
 6. The defendants' actions have damaged Dr. O'Halloran's professional relationships with both his patients and his medical colleagues.
(Amended complaint dated September 20, 2001, Count 1, ¶¶ 5, 6)
Later, the plaintiff alleges
 19. Dr. O'Halloran has suffered an ascertainable loss of money or property as a result of the aforementioned actions of the defendants that are prohibited by Conn. General Statute §§ 42-110b, and is therefore entitled to actual damages, punitive damages, costs, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g.
(Amended complaint dated September 20, 2001, Count 2, ¶ 19)
While a reasonable inference can be drawn from the allegations that the plaintiff's business has been harmed, there are no allegations from which an inference may be drawn that the defendants' acts occurred in the conduct of a trade or commerce which is a necessary element of a cause of action under CUTPA. See General Statutes § 42-110b. This court agrees with the court (Corradino, J.) in Connecticut Water Company v. Town ofThomaston, Superior Court, judicial district of Hartford, doc. no. 940535590 (4/24/97), in its recognition of two goals behind the CUTPA statutory scheme:
 Protecting the fair operation of competitive markets and directly protecting consumers that, at least to CT Page 933 the court, appears to be the proper ambit of CUTPA.
The allegations here, setting forth different actions taken within the defendant hospital as to the plaintiff's position on the active staff, but not alleging actions taken in trade or commerce do not state a valid cause of action under CUTPA. Pergament v. Green, 32 Conn. App. 644, cert denied, 228 Conn. 903 (1993).
The motion to strike is granted.
DiPentima, J.