[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, DSM, Inc., brings this action claiming that the defendants, Sentry Select Insurance Company and John Deere Insurance Company, breached their obligations as surety pursuant to a payment bond for a certain construction project involving the renovation of the New Hartford town hall. The plaintiff was a subcontractor who sought payment for work completed first from the general contractor, the principal in the bond, and then from the defendants pursuant to General Statutes § 49-42 (a). The defendants have not paid the plaintiff.
The defendants move to strike counts two and three of the Second Amended Complaint, which sounds in three counts. The defendants claim that count two which sounds in breach of the implied covenant of good faith and fair dealing does not allege sufficient facts as to the defendants' conduct to support such a cause of action. Specifically, the defendants argue that there must be factual allegations to support the conclusion that the defendants acted in a sinister or dishonest fashion. They also claim that the third count, which sounds in a violation of the Connecticut Unfair Trade Practices Act (CUTPA), is legally insufficient because 1) no Connecticut Unfair Insurance Practices Act (CUIPA) violation is alleged, 2) there is no allegation beyond a single breach of contract and 3) the count is not pleaded with sufficient factual CT Page 3919 particularity.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 10-39. "Like the demurrer it, admits all facts well pleaded."Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd on other grounds, 236 Conn. 845 (1996); see also Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LilijedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Emerick v. Kuhn, 52 Conn. App. 724, 739, cert. denied,249 Conn. 929, cert. denied, 528 U.S. 1005 (1999).
In count two, the plaintiff incorporates the allegations for breach of payment bond in count one and adds allegations that the defendants failed to pay the plaintiff because the plaintiff failed to pay its suppliers and subcontractors and that despite this knowledge the defendants failed to satisfy those outstanding accounts. The count goes on to allege that this conduct breached the implied covenant of good faith and fair dealing implied in the payment bond and has harmed the plaintiff. The count further alleges that the defendants' conduct was willful, wanton, malicious and in violation and disregard of the plaintiff's rights under the payment bond.
It is well established that every contract contains "an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238 (1992); see alsoHome Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 200 (1995) andGupta v. New Britain General Hospital, 239 Conn. 574, 598 (1996). TheHabetz court went on to define bad faith as the absence of good faith:
 Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or someCT Page 3920 contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than mere negligence; it involves a dishonest purpose.
(Citations omitted; emphasis added; internal quotation marks omitted.)Habetz v. Condon, supra, 224 Conn. 237.
The court agrees with the reasoning of Judge Sheldon on the elements necessary to plead for this cause of action:
 An action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith.
Share America, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury, Docket No. 150132 (July 2, 1999, Sheldon, J.).
Here, the plaintiff has pleaded that it reasonably expected to receive benefits pursuant to General Statutes § 49-41 and that the defendants' refusal to pay the plaintiff has injured it. Because this is a motion to strike and the court must construe the pleadings in a light most favorable to the plaintiff, the court finds that the plaintiff has adequately pleaded the third element by alleging that the defendants maliciously breached their obligation by citing the outstanding accounts as the basis of their refusal. Thus, the plaintiff has pleaded more than simply a denial of the claim. The motion to strike count two is accordingly denied.
There are three alternate grounds to the defendants' motion to strike count three. They first argue that because the plaintiff has failed to allege a violation under CUIPA, it cannot recover for a CUTPA violation. The court rejects this argument because the action is based on General Statutes §§ 49-41 and 49-42. See Mead v. Burns, 199 Conn. 651, 655
(1986). ("CUTPA may authorize a cause of action that builds upon the public policy embodied in specific statutory provisions . . .") General Statutes § 49-41 establishes the requirement that a bond be furnished CT Page 3921 in contracts for the construction of public buildings "for the protection of persons supplying labor or materials in the prosecution of the work." General Statutes § 49-42 sets forth the procedure for the enforcement of such a bond.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the "cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness, (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43
(1998). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Citations omitted; internal quotation marks omitted.) Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 106 (1992).
Thus, a violation of § 49-41 may be the basis for a CUTPA claim. A CUIPA violation is not a prerequisite to a CUTPA claim in this context. See Premier Roofing Co. v. Insurance Co. of North America, Superior Court, judicial district of Danbury, Docket No. 312438 (March 3, 1995,Leheny, J.) (13 Conn.L.Rptr. 544).
The defendants also argue that the CUTPA count is legally insufficient because there is no allegation beyond a single breach of contract and because there are insufficient factual allegations. Count three alleges that the defendants' obligations to the plaintiff arise in the transaction of business and that their failure to pay both the plaintiff and the plaintiff's suppliers and subcontractors have resulted in an ascertainable loss to the plaintiff The court finds that these allegations are sufficient to allege a CUTPA violation. Whether the plaintiff can prove this cause of action is not before the court.
For the foregoing reasons, the motion to strike is denied.
DiPentima, J. CT Page 3922